UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. COWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01534 ERW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant BNSF Railway Company's Motion for Protective Order and/or Motion to Quash Notice of Supplemental Videotaped Deposition of Corporate Designee Joe Thornburg [doc. #38].

On June 24, 2010, Defendant BNSF Railway Company ("Defendant") received a Notice of Supplemental Deposition from Plaintiff Kevin D. Cowden ("Plaintiff") for Defendant's corporate designee Mr. Thornburg, with the deposition scheduled to take place on July 6, 2010. Defendant contends that Plaintiff should not be permitted to conduct this deposition because (1) the deadline for completing discovery in this case was June 1, 2010; and (2) Mr. Thornburg has already been deposed once by Plaintiff. Plaintiff argues that he should be permitted to go forward with the deposition because he wishes to depose Mr. Thornburg only concerning certain documents – track inspection reports that Defendant is required by law to maintain – produced after Mr. Thornburg was first deposed in January 2010.

The Court emphasizes the importance of compliance with Case Management Orders, and finds that Plaintiff has failed to establish sufficient cause to be permitted to conduct this deposition more than one month after the deadline for completing discovery. Mr. Thornburg's deposition

testimony in January 2010 alerted the parties that these reports had not been produced, and Defendant represents that it then produced them of its own volition in March 2010, without receiving a request from Plaintiff – and, in fact, with Plaintiff's counsel specifically stating that he did not need them – because he was satisfied with the record. As such, Plaintiff has been aware of these reports since January 2010, and has had ample time within the Court's prescribed deadlines to review them and determine whether additional discovery was necessary. Plaintiff had the opportunity to secure these reports immediately following Mr. Thornburg's initial deposition, and could easily have scheduled a second deposition, but failed to timely do so. The Court therefore concludes that Plaintiff will not be permitted to depose Mr. Thornburg a second time at this late stage in this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant BNSF Railway Company's Motion for Protective Order and/or Motion to Quash Notice of Supplemental Videotaped Deposition of Corporate Designee Joe Thornburg [doc. #38] is **GRANTED**.

Dated this 2nd Day of July, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE