**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KEVIN D. COWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01534 ERW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Strike Defendant's Additional Documentary Evidence [doc. #50].

Plaintiff Kevin D. Cowden ("Plaintiff") asks the Court to strike from the record the exhibits attached in support of Defendant BNSF Railway Company's ("Defendant") Reply to Plaintiff's Memorandum in Opposition to Defendant's pending Motion for Summary Judgment. Plaintiff claims that parties are prohibited from filing additional documentary evidence with a reply memorandum because Local Rule 4.01 states that parties shall include "all documentary evidence relied upon" with their memoranda in support of, and in opposition to, a motion for summary judgment, but it makes no such reference with respect to reply briefs.

As a general matter, there is no absolute bar to filing documentary evidence in support of a reply brief, provided that the reply and the evidence is limited to matters in reply and does not raise new arguments; as another district court has stated, "[i]t seems absurd to say that reply briefs are allowed but that a party is proscribed from backing up its arguments in reply with the necessary evidentiary material." *Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1456 (E.D. Wis. 1993). If, however, the evidence is offered to further new arguments in support of the

motion for summary judgment, the court should either disregard the new arguments and evidence in ruling on the motion, or provide the non-moving party with an additional opportunity to respond. *See Sowers v. Gatehouse Media Missouri Holdings, Inc.*, 2010 WL 1633389, at *2 (E.D. Mo. April 22, 2010) (internal citations omitted).

Defendant contends that each of the three exhibits offered in support of its Reply directly responds to matters introduced in Plaintiff's Statement of Additional Material Facts: (1) Mr. Thornburg's deposition counters Plaintiff's assertions about Mr. Thornburg's testimony; (2) Mr. Clark's affidavit supports Defendant's argument that the Supervisor's Report of Injury offered by Plaintiff is inadmissible and was mischaracterized in Plaintiff's Opposition; and (3) Dr. Mirkin's report responds to Plaintiff's claims about his injuries and the medical records Plaintiff attached to support those claims. The Court agrees with Defendant that these are all responsive matters and will therefore deny Plaintiff's Motion. The Court will, however, give Plaintiff an additional five days, until July 28, 2010, to file a motion for leave to file a sur-reply, and that leave to file a sur-reply will only be granted if Plaintiff establishes that Defendant's offered exhibits are, in fact, in support of new arguments and are not in reply to Plaintiff's Opposition.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendant's Additional Documentary Evidence [doc. #50] is **DENIED**. Plaintiff shall file a motion for leave to file a sur-reply in opposition to summary judgment, if any, no later than **July 28, 2010**.

Dated this 23rd Day of July, 2010.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

2