UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. COWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01534 ERW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Kevin D. Cowden's ("Plaintiff") Rule 59(e) Motion to Alter/Amend Judgment [doc. #62] and Plaintiff's Request for Oral Argument [doc. #67].

In its Memorandum and Order dated September 7, 2010 [doc. #58], the Court granted summary judgment in favor of Defendant BNSF Railway Company ("Defendant"), finding that there were no genuine issues of fact as to whether Defendant was liable to Plaintiff under the Locomotive Inspection Act ("LIA") and the Federal Employees Liability Act ("FELA") for injuries he allegedly suffered while riding in a locomotive owned and operated by Defendant, his employer.  With respect to the FELA claim, the Court concluded that regulations promulgated under the Federal Railroad Safety Act ("FRSA") provided Defendant's standard of care concerning track conditions and speed limits – the alleged causes of Plaintiff's injuries – and that Defendant was entitled to summary judgment because Plaintiff had failed to come forward with sufficient evidence to create a genuine issue of material fact as to whether Defendant violated any applicable regulation.  In the present Motion, Plaintiff argues that the Court should set aside its

ruling on this claim because that it improperly based its judgment on an issue – federal preclusion – that Defendant did not raise in support of its motion for summary judgment.

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." District courts possess "broad discretion" in ruling on Rule 59(e) motions, which "serve the limited function of correcting manifest errors of law or fact or [allowing parties to present] newly-discovered evidence."[1] *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted). As a result, a Rule 59(e) motion cannot be used to offer evidence or factual or legal arguments that could have been raised before the judgment was entered. *Id.*

Plaintiff has failed to demonstrate that the Court made any "manifest error of law" that would entitle him to relief under Rule 59(e). As is explained in the Court's previous Memorandum and Order, the Court did *not* find that Plaintiff's FELA negligence claim was precluded by FRSA regulations, nor did it conclude that FRSA regulations provide a railroad's minimum duty of care for *every* FELA negligence claim. Plaintiff was only asserting that Defendant was negligent with respect to two related matters – operating the locomotive at an excessive speed and under poor track conditions, and the Court narrowly concluded that because specific FRSA regulations govern railroad speed limits and track conditions, those regulations supplied the standard of care for Plaintiff's FELA negligence claim. Plaintiff's evidence of negligence consisted of (1) Plaintiff's statements that the train bottomed out in an area where it

---

[1] Although the Court has some question as to whether this Motion should have been filed under Rule 60(b)(6), a motion under that Rule is subject to a similarly high standard. *See Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005) ("Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress.").

was "muddy" and where slow orders had been in place; (2) statements from Defendant's corporate representative acknowledging certain recorded problems with the track in question but maintaining that to the extent any such problems actually existed, they would have been addressed by the slow orders in place; and (3) entirely conclusory assertions from expert Alan Blackwell that Defendant had violated certain FRSA regulations, lacking any factual support. From this, the Court properly concluded that Plaintiff had failed to raise a genuine issue of material fact as to whether Defendant had violated any FRSA regulations concerning speed restrictions or track conditions.

Furthermore, even if the Court had not reached these conclusions concerning the applicability of FRSA regulations, it still would have granted summary judgment in favor of Defendant based on a lack of evidence of negligence. "Reasonable foreseeability of harm is an essential ingredient of FELA negligence." *Lager v. Chicago Nw. Transp. Co.*, 122 F.3d 523, 525 (8th Cir. 1997) (internal alterations, quotations, and citations omitted). As Defendant noted in support of its motion, Plaintiff himself testified that he had not experienced any problems with the track in question in the 150-200 times he had traveled over it in the six months preceding the alleged accident, and data from a track geometry car – a vehicle for inspecting track conditions – dating from two months before the incident did not indicate any adverse track conditions. Although Plaintiff did offer some documentary evidence of recorded problems with the track, all of it pre-dated the track geometry readings by months, and the only testimony addressing these records – from Defendant's corporate representative – indicated that these matters would not directly affect track surface conditions, the alleged cause of Plaintiff's injuries. Additionally, Plaintiff's evidence of track measurements and remedial measures from after the incident, to the extent these matters might have been otherwise admissible, were entirely irrelevant to whether

3

the accident was reasonably foreseeable. As such, had the Court not concluded that FRSA regulations subsumed Defendant's standard of care with respect to track conditions, it would have found that Plaintiff's evidence failed to raise a genuine issue of material fact as to whether the alleged harm he suffered was reasonably foreseeable.

In sum, Defendant moved for summary judgment on this claim on grounds that Plaintiff failed to come forward with sufficient evidence of Defendant's negligence, and it was on precisely this basis that the Court granted summary judgment. It is true, as Plaintiff asserts, that the Court's conclusion with respect to the applicable standard of care differed from the positions of both parties, but the Court is the final arbiter of issues of law and was not obligated by the parties' arguments to apply a standard of care that it found to be inapplicable. Plaintiff had a full and fair opportunity to present evidence of Defendant's negligence in response to Defendant's motion for summary judgment on his FELA claim, and his failure to do so – not the Court's conclusion with respect to the standard of care – was what ultimately led to the Court's grant of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Rule 59(e) Motion to Alter/Amend Judgment [doc. #62] and Plaintiff's Request for Oral Argument [doc. #67] are **DENIED**.

Dated this 13th Day of April, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

4