UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN D. COWDEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 4:08CV1534 ERW |
|  | ) |  |
| BNSF RAILWAY COMPANY, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 96]. Plaintiff requests that the Court issue an order granting Plaintiff leave to amend his complaint, pursuant to Fed. R. Civ. P. 15(a)(2).

**I.    BACKGROUND**

This suit arises out of injuries Plaintiff Kevin D. Cowden ("Plaintiff") allegedly sustained while riding in a locomotive owned and operated by Defendant BNSF Railway Company ("Defendant"), Plaintiff's employer. On October 6, 2008, Plaintiff filed a Complaint for injuries to his neck, shoulder, back and spine, alleging, *inter alia*, that Defendant failed to provide him with reasonably safe working conditions [ECF No. 1]. Specifically, in his Count I, Plaintiff contends that Defendant is liable for his injuries under the Federal Employees Liability Act ("FELA"), 45 U.S.C. § 51 et seq., for negligently failing to provide him with reasonably safe work conditions, reasonably safe work equipment, and for violating regulations promulgated under the Locomotive Inspection Act ("LIA"), 49 U.S.C. §20101, et seq., which under the FELA

constitutes negligence *per se* [ECF No. 58, p. 2].[1] Plaintiff's Count II alleges that Defendant is strictly liable to Plaintiff under the LIA for violating the aforementioned regulations.[2] *Id.*

Defendant filed a motion for summary judgment on June 11, 2010 [ECF No. 30]. This Court granted Defendant's motion on September 7, 2010, concluding that there was no genuine issue of material fact as to whether Defendant BNSF breached a duty of care owed to Plaintiff. In granting summary judgment, this Court specifically found that: The LIA does not provide for

---

[1]In paragraph 8 of Count I of his original Complaint [ECF No. 1], Plaintiff alleged: On or about January 14, 2008, the plaintiff was employed by the defendant as a conductor when he encountered rough track causing him to sustain injuries, while in the performance of his duties, which were caused by one or more of the following acts of negligence of the defendant acting through its agents, servants, or employees, singularly or in combination:
    a. It failed to provide the plaintiff with reasonably safe conditions to work;
    b. It failed provide the plaintiff with reasonably safe equipment to work;
    c. It permitted the use of an engine which produced excessive lateral and vertical motion in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45, and .63 constituting negligence *per se*;
    d. It permitted the use of an engine which was not in proper condition and safe to operate in the service to which it was put in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45 and .63 constituting negligence *per se*;
    e. It permitted the use of an engine which had not been adequately inspected in violation of 49 C.F.R. § 229.23 constituting negligence *per se*; and
    f. It permitted the use of an engine which was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45 constituting negligence *per se*.

[2]In paragraph 8 of Count II of his original Complaint [ECF No. 1], Plaintiff alleged: On or about January 14, 2008, the plaintiff was employed by the defendant as a conductor when he encountered rough track causing him to sustain injuries, while in the performance of his duties, which were caused by one or more of the following violations of the LIA, singularly or in combination:
    a. It permitted the use of an engine which was not in proper condition and safe to operate in the service to which it was put in violation of 49 C.F.R. §§ 229.7 (a)(1) and (2), .9, .45 and .63;
    b. It permitted the use of an engine which had not been adequately inspected in violation of 49 C.F.R. § 229.23;
    c. It permitted the use of an engine which was not free of conditions that endangered the safety of the crew in violation of 49 C.F.R. § 229.45; and
    d. It permitted the use of an engine which produced excessive lateral and vertical motion in violation of 49 C.F.R. §§ 229.7 (a) (1) and (2), .9, .45, and .63.

an independent cause of action, and Defendant is accordingly entitled to summary judgment on Plaintiff's LIA claim [ECF No. 58, at 4]. The Court also determined that Defendant was likewise entitled to judgment in its favor on Plaintiff's FELA claim, as there is no evidence in the record that Defendant violated the alleged LIA regulations, or that it breached a duty owed to Plaintiff by permitting Plaintiff's locomotive to pass over the section of allegedly defective track under a slow order.[3] *Id.* at 11. Plaintiff appealed the Court's grant of summary judgment to the Eighth Circuit. On appeal, Plaintiff challenged this Court's ruling on his claim that Defendant was not liable under FELA for negligently failing to provide him with reasonably safe working conditions.[4] The Eighth Circuit reversed and remanded the cause for further proceedings, finding the Court granted summary judgment on an issue not raised or discussed by either party. *Cowden v. BNSF Ry. Co.*, 690 F.3d. 884, 886 (8th Cir. 2012). On remand, this Court issued an Amended Case Management Order [ECF No. 86] on October 24, 2012. The Amended Case Management Order did not provide an extended deadline to amend the pleadings, but did designate a dispositive motion and discovery deadlines.

Now Plaintiff seeks to amend his original Complaint. In the proposed First Amended Complaint, Plaintiff adds sixteen specific regulations regarding track conditions, including alleged violations of ten different regulations promulgated under the LIA, 49 U.S.C. §20101, et

---

[3]The Court concluded that relevant regulations promulgated under the Federal Railroad Safety Act, ("FRSA"), 49 U.S.C. §20101, et seq., provided the sole duty of care owed to Plaintiff in relation to his claim, ruling that Plaintiff had not demonstrated a failure to comply with the relevant regulations and therefore failed to establish a breach in Defendant's duty of care under the FELA, 45 U.S.C. § 51 et seq. *Id.* at 11.

[4]As just noted, this Court's grant of summary judgment for Defendant also included Plaintiff's FELA claim with respect to alleged LIA violations (pertaining to an unsafe engine or locomotive), as well as Plaintiff's strict liability claim under LIA. Plaintiff did not challenge either of these rulings on appeal. *See Cowden v. BNSF Ry. Co.*, 690 F.3d. 884, 887 n.1 (8th Cir. 2012).

seq. Plaintiff eliminates his allegations regarding the use of an unsafe engine or locomotive promulgated under the LIA, which were included in Counts I and II of the original Complaint. Specifically, in the First Amended Complaint [ECF No. 96-1], Plaintiff alleges one Count, which states in Paragraph 9:

> On or about January 14, 2008, the plaintiff was employed by the defendant as a conductor when he encountered rough track causing him to sustain injuries, while in the performance of his duties, which were caused by one or more of the following acts of negligence of the defendant acting through its agents, servants, or employees, singularly or in combination:
>
> a. It failed to provide the plaintiff with reasonably safe conditions to work[.]

Sub-parts b. through q. of Paragraph 9 now contain allegations pertaining to track maintenance, classification, support, inspection, etc., and violations of 49 C.F.R. §§ 213.1(a), 213.5(a), 213.9(b), 213.13, 213.103(c)and (d), 213.63, 213.109, and 213.233(b) and (c).

Defendant, in its Response to Plaintiff's Motion for Leave to File first Amended Complaint [ECF No. 98], argues that the Court should deny Plaintiff's Motion as it asks the Court to act beyond the scope of the Eighth Circuit's mandate, and fails to satisfy the standards for amendment under Federal Rules of Civil Procedure 16(b)(4) and 15(a).

## II. STANDARD

Motions To Amend Pleadings implicate the standards for leave to amend under both Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Under Rule 15(a), when leave to amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see*

Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should still be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Even under this standard, however, "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

When leave to amend is sought only after the deadline for amendments in a Rule 16 scheduling order, however, the request for leave to amend also implicates Rule 16(b)'s "good cause" requirement. *Sherman*, 532 F.3d at 715 (citing Fed. R. Civ. P. 16(b)(4)). As the court in *Sherman* explained,

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008), the court stated that "[i]f a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." 512 F.3d at 497 (citing Rule 16(b)). . . . Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).
> *Id.*

*Sherman*, 532 F.3d at 716. The approach taken in *Popoalii* is derived directly from the plain language of Rule 16(b), which states both that district courts must issue a scheduling order limiting the time to amend the pleadings, and that a scheduling order may be modified only for good cause. *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp. 2d 1093, 1098 (N.D. Iowa 2008) (internal citations omitted). When a party seeks to amend a pleading

5

after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional. *Id.* To permit district courts to consider motions to amend pleadings under Rule 15(a) without regard to Rule 16(b) "would render scheduling orders meaningless and effectively ... read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Id.* (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension.").

## III. DISCUSSION

Initially, the Court will address Defendant's argument that Plaintiff's Motion for Leave to Amend the Complaint must be denied as it exceeds the scope of the Eighth Circuit's mandate. Then, the Court will examine Defendant's contention that amendment should be denied under the standards of Rules 15 and 16.

### A. *Scope of the Appellate Court's Mandate*

Defendant argues that Plaintiff 's Motion for Leave to Amend the Complaint asks the Court to exceed the scope of the appellate mandate reversing the Court's grant of summary judgment and remanding for further proceedings. Defendant reasons that Plaintiff is not permitted to add new claims regarding track conditions, when the appellate court's mandate was to conduct further discovery and reconsider the summary judgment issue. [ECF No. 98, at 13]. Specifically, Defendant states that the Eight Circuit confined the scope of remand to Defendant establishing that 49 U.S.C. § 20106(a)(2) applies to Plaintiff's claims at the summary judgment

6

stage, and resolving questions of material fact by further discovery. *Id.* at 12. Defendant argues that the mandate does not specify or contemplate amending the complaint to add claims. *Id.*

Plaintiff contends, in his Reply, that there is no limitation in the mandate precluding amending the Complaint [ECF No. 100, at 12]. Plaintiff then references the language of the mandate itself, to establish that denial of this Motion would be *inconsistent* with the Eighth Circuit's opinion. The Court agrees, and finds that the proposed amendments in the First Amended Complaint are within the scope of, and contemplated by the Eight Circuit in ordering remand.

First of all, as pertinent to the Plaintiff's Motion to amend and allegations concerning track maintenance, classification, support, and inspection, the Eighth Circuit's opinion's statement of facts asserted as follows:

> "On the day [Plaintiff] sustained his injuries, the portion of the track at issue was under a 'slow order,' which was a self-imposed order by the railway company permitting trains to travel no faster than forty miles per hour over that stretch of track." [ECF No. 80, at 2]. "[Plaintiff] brought suit in federal court alleging that [Defendant] is liable for his injuries under the FELA for negligently failing to provide him with reasonably safe working conditions." *Id.* at 3. "[Plaintiff] also offered the expert testimony of Alan Blackwell, a railway consultant, who prepared a report concerning [Defendant's] maintenance of the track," and concluded that Defendant "violated internal and industry standards of care[,]" thereby failing "to provide Plaintiff with a reasonably safe work environment." *Id.* at 4. In an Order denying Defendant's motion to exclude Blackwell's testimony, this Court rejected most of Defendant's arguments, and acknowledged that Blackwell could "opine

7

generally about the prudence of [Defendant's] maintenance efforts and whether they provided a safe work environment." *Id.* at 5.

The Eighth Circuit then held that the Court erred by addressing the dispositive nature of the Federal Railroad Safety Act (" FRSA") regulations for the first time in its summary judgment order, finding that the record had not been developed with the dispositive nature of FRSA regulations in mind, and that neither party had advanced evidence directly relevant to the Court's conclusions. *Id.* at 13-14. The Eighth Circuit found the incomplete summary judgment record required remand for two reasons: 1)Defendant had not met its burden to show § 20106(a)(2) (FRSA's express exemption clause) applied to Plaintiff's claim at the summary judgment stage; and 2) questions of material fact remained, including evidence of FRSA violations, and disputed issues of fact about track of conditions. *Id.* at 14. [5]

In its discussion, the Eighth Circuit stated that Plaintiff had not alleged generally that Defendant allowed its trains to travel at an unsafe speed, but instead alleged "that [Defendant] failed to maintain a safe workplace, and his filings have consistently linked this unsafe workplace to [Defendant's] alleged failure to maintain a safe track." *Id.* at 16. The Eighth Circuit noted that, "[d]espite this distinction, § 213.9," a regulation that holds railroad accountable for maintaining certain track conditions based on the speed they set themselves, "may still substantially subsume Plaintiff's claim." *Id.* "[Plaintiff] alleges that [Defendant] failed to maintain a safe track, and § 213.9 indicates what condition or 'class' the track must meet in order for a train to operate at forty miles per hour." *Id.* "If relevant FRSA regulations establish a

---

[5]The Eighth Circuit also noted that "the district court improperly relied on disputed issues of fact about track conditions to support its alternative ruling denying [Plaintiff's 59(e)] motion to amend judgment, and the court did not view the record in a light favorable to the non-moving party." *Id.* at 14.

railroad's duty of care, § 213.9 imposes a duty to maintain track quality, not a duty to travel at a particular speed." *Id.* The Eighth Circuit noted that whether Defendant breached its duty to maintain a safe workplace appeared to depend on other regulations from Chapter 213, including 49 C.F.R. §§ 213.63, 213.109, and 213.1.[6] *Id.* at 17.

The Eighth Circuit concluded that summary judgment was inappropriate because neither party was on notice that the FRSA regulations would prove dispositive, and neither party presented evidence related to the relevant regulations. *Id.* at 18. The Eighth Circuit stated:

> On remand, [Defendant] has the burden of persuading the court that particular regulations meet the standard for preemption set out in § 20106(a)(2). Because [Plaintiff's] suit addresses the maintenance of track rather than simply alleging an excessive-speed claim, it appears likely that relevant regulations will deal more specifically with track conditions. Even if [Plaintiff] is unable to establish a genuine issue of fact regarding [Defendant's] compliance with those regulations, he 'must at least be given a chance to try.' Based on the current record, viewed in a light most favorable to [Plaintiff], the quality of the track appears to be a disputed material fact.

*Id.* at 18-19.

Thus, the Eighth Circuit found the quality of the track to be a disputed material fact, and contemplated further discovery related to track conditions and regulations on remand. Some of the regulations (49 C.F.R. sections 213.63, 213.109 and 213.1) set forth in the proposed First Amended Complaint are the same as those noted by the Eight Circuit, as relevant to the duty of

---

[6]The proposed First Amended Complaint alleges violations of regulations 213.63, 213.109, and 213.1.

care issue on remand. Therefore, Plaintiff's proposed amendments concerning track maintenance, classification, support, and inspection fall within the scope of the mandate.

   B.     *Leave to Amend Under Rule 16(b)(4) and Rule 15(a)*

Defendant also argues that Plaintiff's Motion should be denied under the standards of Rules 15 and 16. Defendant contends that, as the deadline to amend in the scheduling order expired on February 2, 2009,[7] Plaintiff's current motion to amend the complaint under Rule 15(a) is "actually a motion to amend the scheduling order, which requires a showing of "good cause" under Rule 16(b)(4). [ECF No. 98, at 2]. As such, Defendant maintains that Rule 15 is not the controlling authority as Rule 16(b)'s good cause standard governs. *Id.* at 3. Defendant further asserts that Plaintiff has not made the required showing of good-cause. *Id.* Defendant argues that Plaintiff was aware of the alleged need to amend the Complaint in November of 2009,[8] but has made no attempt to explain the delay in seeking amendment, or show good cause under Rule 16 (b)(4) for his delay. *Id.* at 8.

Plaintiff contends that the current scheduling order did not contain a deadline for amending the pleadings due to inadvertence.[9] [ECF No. 100, at 15]. Plaintiff emphasizes that the

---

   [7]Defendant further adds that when this matter was remanded to this Court from the Court of Appeals, and this Court subsequently issued an Amended Case Management Order on October 24, 2012, there was no extended deadline to amend the pleadings included. [ECF No. 98, at 3]. As such, Defendant contends that the original *February 2, 2009* deadline is still in place, rendering the current Motion untimely. *Id.*

   [8]It is undisputed that, in November of 2009, pursuant to Plaintiff's request, Defendant agreed to the filing of an amended complaint identifying a track defect. [ECF Nos. 97, at 2; 98, at 3-4].

   [9]Plaintiff adds that the absence of a deadline to amend pleadings in the Amended Case Management Order renders it "not in compliance" with Rule 16(b)(3)(A). [ECF No. 100, p. 13]. As such, Plaintiff disputes Defendant's contention that because the Amended Case Management Order is silent, the previous deadline in the original scheduling order to amend pleadings of February 2, 2009, is still in place. *Id.* Plaintiff further points out that Defendant's argument cannot be reconciled with the Eighth Circuit's directive that Plaintiff "be given a chance to prove

Amended Case Management Order contemplated additional discovery consistent with the appellate court's mandate, including the supplementation of expert witness reports. *Id.* Plaintiff argues that it is implicit, as the amended scheduling order permits additional discovery on track regulation violations, that he is also permitted to amend his complaint in pursuing these theories of liability. *Id.* Plaintiff adds that he has timely complied with all other scheduling order deadlines. *Id.* As discussed above, because this Court finds that the proposed amendments are within the scope of the Eighth Circuit's mandate, it would *not* be inconsistent to allow amendment of the pleadings, especially in light of the additional discovery contemplated by the appellate court. Moreover, Defendant's contention of undue delay and untimeliness in seeking amendment must be considered in light of the grant of summary judgment on September 7, 2010, and the ensuing appellate proceedings in this case. After this Court's grant of summary judgment, Plaintiff filed a Motion to Amend Judgment under Rule 59(e), which the Court denied on April 13, 2011 [ECF No. 68]. Plaintiff then filed a notice of appeal with the Court on May 4, 2011, and the appellate mandate was handed down on September 25, 2012. Plaintiff's failure to seek leave to amend the Complaint during that time period does not constitute undue delay. Thus, the Court finds that "good cause" exists to permit amendment under Rule 16(b)(4).

Defendant further argues that, even under the more liberal standard of Rule 15(a), in which the Court may permit amendment where "justice so requires," Plaintiff's Motion must be denied for undue delay and prejudice to Defendant. [ECF No. 98, at 8]. Defendant cites to *Frank Adam Electric Company v. Westinghouse Electric and Manufacturing Co.*, 146 F.2d 165, 167 (8th Cir. 1945), in which the court refused to amend defendant's answer as defendant failed to show the long delay in seeking amendment resulted from oversight, inadvertence, or excusable

---

track regulation violations." *Id.*

neglect. *Id.* at 8-9. Here, Defendant contends that Plaintiff has failed to establish that the alleged delay in filing his Motion to Amend was due to oversight, inadvertence, or excusable neglect. *Id.* at 9. Defendant also argues that undue prejudice will result, as discovery will again be re-opened to address the sixteen new allegations. *Id.* at 10. Defendant points out that discovery progressed to its conclusion twice before Plaintiff raised the claims he now asserts, although he knew of their existence in November of 2009. *Id.* Defendant further claims that it has never conducted discovery or deposed witnesses regarding Plaintiff's new allegations. *Id*. at 2. Defendant alleges that Plaintiff waited until the eleventh hour to raise his claims, in order to thwart discovery and "sandbag" Defendant. *Id.* at 12.

In his Reply, Plaintiff contends that, since the day of the incident, Defendant has known Plaintiff's injuries were caused by rough track conditions, and that "[t]he allegations in this case have always asserted unsafe working conditions which created rough track causing injury to the plaintiff" [ECF No. 100, at 7]. Plaintiff contests Defendant's statement that it has never conducted discovery on Plaintiff's proposed claims, and asserts that extensive discovery has been conducted concerning the track conditions.[10] Plaintiff further maintains that there is no additional discovery that needs to be taken in this case related to unsafe track conditions, and notes that Defendant fails to identify specifically the additional discovery it claims will be needed if amendment is granted. *Id*. at 11. Plaintiff claims that his proposed First Amended Complaint does not add new theories of liability, but simply conforms to the evidence, and that allowing amendment would cause Defendant no undue prejudice. *Id*. at 7.

---

[10]In support of his contention that extensive discovery has taken place on track conditions, Plaintiff cites to his supplemental answer to Interrogatory 22; the deposition of Defendant's corporate designee, Joseph Thornburg; the February 10, 2010 report of Alan Blackwell, Plaintiff's "track expert;" and Defendant's deposition of Blackwell. *Id*. at 3-6.

This Court does not find that Defendant will be unduly prejudiced under Rule 15(a) by granting Plaintiff leave to amend. Plaintiff has shown that discovery is essentially complete, and Defendant has failed to establish the specific nature of any additional discovery burden. It is clear from the pleadings, as well as the Eighth Circuit mandate, that track conditions do not constitute a new theory of liability. Defendant's argument that Plaintiff's alleged *undue delay* in seeking leave to amend supports denial under Rule 15(a), also fails. Although Plaintiff could have sought leave at an earlier date, it must also be considered, as noted in the analysis under Rule 16, that summary judgment was granted on September 7, 2010, and the mandate from the Court of Appeals was not filed until September 25, 2012. Therefore, the delay in seeking amendment is excusable. In the absence of a finding of undue delay or prejudice, the Court concludes that amendment is proper under the liberal standard of Rule 15.

IV. **CONCLUSION**

Therefore, under Rule 16(b)(4), the Court finds that Plaintiff has shown good cause to amend the pleadings, and under Rule 15(a), Defendant has failed to establish undue delay or prejudice in support of denial. The Court also concludes that the proposed amendments fall within the scope of the Eighth Circuit's mandate. As such, the Court will grant Plaintiff's Motion for Leave to Amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint [ECF No. 96] is **GRANTED**.

**IT IS FURTHER ORDERED** that a Second Amended Case Management Order shall issue forthwith.

Dated this  26th  day of March, 2013.

                                                       */s/ E. Richard Webber*
                                          E. RICHARD WEBBER
                                          SENIOR UNITED STATES DISTRICT JUDGE