UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN D. COWDEN,                    )
                                    )
           Plaintiff,               )
                                    )
     vs.                            )        Case No. 4:08CV01534 ERW
                                    )
BNSF RAILWAY COMPANY,               )
                                    )
           Defendant.               )


## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court in connection with the *in camera* review of Alan

Blackwell's and Blackwell Consulting, Inc.'s tax returns [ECF No. 130], and upon Defendant BNSF

Railway Company's Supplement to Its Motion to Compel Regarding Alan Blackwell's Earnings as

an Expert Witness [ECF No. 131].  On May 31, 2013, Defendant asked the Court to order Plaintiff's

expert, Alan Blackwell, to produce items relating to his income as an expert witness, or in the

alternative, to bar his testimony, and for further relief deemed just and proper [ECF No. 111].  After

hearing arguments from the parties, the Court issued an Order [ECF No. 119], which allowed the

parties to arrange a special deposition of Blackwell regarding personal income and benefits derived

from his services as an expert witness for the years ended 2009, 2010, 2011, and 2012.  The Order

further permitted Defendant to question Blackwell concerning the income of Blackwell Consulting,

Inc. for the years ended 2009, 2010, 2011, and 2012.  Finally, the Court ordered Blackwell to submit

to the Court, for *in camera* review, complete copies of his personal income tax returns, as well as

complete copies of Blackwell Consulting, Inc.'s (Blackwell Consulting) tax returns, for the years

ended 2009, 2010, 2011, and 2012. The parties completed the deposition of Blackwell on July 19, 2013 [ECF No. 131-1], and the Court has completed its *in camera* review of the tax returns.[1]

In his deposition, Blackwell testified regarding (1) the gross income of Blackwell Consulting, (2) the salaries received by Blackwell, his wife, and his mother-in-law, and (3) other benefits Blackwell and his wife received from Blackwell Consulting, including a retirement plan (SEP Plan), health insurance, and distributions. Defendant argues that the figures given in Blackwell's deposition leave unaccounted for business income, because the gross income of Blackwell Consulting exceeds the total of the salaries, benefits, and distributions paid to Blackwell, his wife and his mother-in-law. Thus, Defendant asks the Court to verify that Blackwell does not receive additional, undisclosed benefits, or, alternatively, to produce the tax returns provided for *in camera* review. Plaintiff responds that production of the tax returns would unduly intrude upon Blackwell's privacy, as Blackwell has already provided all the information necessary for a jury to assess his potential bias. Plaintiff also contends that the allegedly unaccounted for income is attributable to Blackwell Consulting's taxes and operating expenses.

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Additionally, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b). Although this discovery standard is broader than the standard for admissibility, "this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

---

[1] In lieu of his 2012 tax returns, Blackwell submitted an affidavit stating that he had not yet filed his 2012 tax returns as of July 12, 2013.

The Court has conducted its review of the tax returns and denies Defendant's Supplement to Its Motion to Compel Regarding Alan Blackwell's Earnings as an Expert Witness. The jury may properly assess potential bias when it knows the percentage of the expert's income derived from providing expert witness services. *Behler v. Hanlon*, 199 F.R.D. 553, 562 (D. Md. 2001). "Similarly, there is no need for the expert to have to produce his or her tax returns, if the party seeking the discovery has accurate information regarding the percentage of income earned as an expert." *Behler v. Hanlon*, 199 F.R.D. 553, 562 (D. Md. 2001). The Court finds the figures in Blackwell's deposition testimony generally consistent with those reported on his tax returns.[2] As a result, Defendant has adequate access to the information required to assess the percentage of Blackwell's income from providing expert witness services. Moreover, production of the tax returns would not be reasonably calculated to lead to the discovery of admissible evidence, because "[g]eneral information as to past earnings of an expert would ... open up numerous collateral issues, resulting in delay and confusion at trial." *Wacker v. Gehl Co.*, 157 F.R.D. 58, 59 (W.D. Mo. 1994) (granting the plaintiff's motion to protect the income tax returns of its expert witness).

Regarding Blackwell Consulting's allegedly unaccounted for income, the Court agrees with Plaintiff that like any other business, Blackwell Consulting must pay taxes and operating expenses. Further, Blackwell Consulting does not operate under any duty to spend all of its gross income by the end of the year. In any event, the Court is satisfied upon its *in camera* review that Blackwell does not receive further benefits from his services as an expert witness.

---

[2]The Court acknowledges that there exist minor discrepancies between Blackwell's testimony and the figures reported on his tax returns. Additionally, the Court notes that in 2009, Blackwell reported a joint salary of $138,000 on his personal returns, while deducting $140,000 for salaries on Blackwell Consulting's business returns. However, none of the discrepancies observed by the Court are substantial enough to reasonably affect a jury's assessment of bias.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Supplement to Its Motion to Compel Regarding Alan Blackwell's Earnings as an Expert Witness [ECF No. 131] is **GRANTED, in part,** as to Defendant's request that the Court verify Blackwell received no additional, undisclosed benefits for his services as an expert witness, and **DENIED, in part**, as to Defendant's request to compel disclosure of Alan Blackwell's and Blackwell Consulting, Inc.'s tax returns**.**

Dated this  20th  day of August, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE