UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN D. COWDEN,                          )
                                          )
         Plaintiff,                       )
                                          )
    vs.                                   )        Case No. 4:08CV01534 ERW
                                          )
BNSF RAILWAY COMPANY,                     )
                                          )
         Defendant.                       )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant BNSF Railway Company's Motion to

Strike the Declarations of Kenny Scammell and Greg Willard [ECF No. 145].

**I.      BACKGROUND**

This suit arises out of injuries Plaintiff Kevin D. Cowden allegedly sustained while riding

in a locomotive owned and operated by Defendant BNSF Railway Company, Plaintiff's employer.

On January 14, 2008, Plaintiff, in the course of performing his job duties, was traveling in one of

Defendant's locomotives in Golden City, Missouri, somewhere in the vicinity of mile posts 151.4

and 151.8.  The portion of track on which Plaintiff traveled was subject to a "slow order," setting

the maximum speed for passing trains at forty miles per hour.  Defendant's business records list "tie

conditions" as the reason for the slow order, and Defendant had previously placed the section of

track under slow orders due to "rough track" and "washouts."  Plaintiff alleges that, on the day in

question, the train encountered a rough section of track and "bottomed out," throwing him into the

air and causing him to land with a significant impact, resulting in injuries to his back and neck.

In October 2008, Plaintiff filed a Complaint [ECF No. 1], alleging that Defendant violated

the Federal Employers' Liability Act (FELA) by failing to provide a reasonably safe working

environment.[1]  In January 2009, Plaintiff submitted his Rule 26(a)(1) initial disclosures, listing "individuals likely to have discoverable information relevant to facts alleged in the pleadings." These individuals included two of Defendant's employees: Greg Willard, a locomotive engineer, and Kenny Scammell, a conductor.  On August 31, 2010, Plaintiff further disclosed Scammell as a potential expert witness, stating that he "may call . . . Kenny Scammell to testify as to work conditions and equipment, and also about lost wages, benefits and the physical requirements of the job of a conductor/switchman." [ECF No. 146-2 at 3].  Neither party deposed these employees, and Defendant moved for summary judgment on June 11, 2010.  The Court granted summary judgment for Defendant on September 7, 2010.  Plaintiff appealed, and on September 4, 2012, the Eighth Circuit reversed.

On remand, Plaintiff filed a First Amended Complaint [ECF No. 103], alleging that Defendant is liable under the FELA for negligently failing to provide him with reasonably safe working conditions and for violating several track safety regulations enacted pursuant to the Federal Railroad Safety Act (FRSA), constituting negligence per se.  Pursuant to the Court's Second Amended Case Management Order, Plaintiff listed Willard and Scammell as potential fact witnesses in his Supplemental Fact Witness Disclosures on April 24, 2013.  Plaintiff's Supplemental Fact Witness Disclosures states in relevant part:

> Plaintiff may call the following fact witnesses:
> . . . Kenny Scammell may testify regarding track conditions in the Fort Scott Subdivision in the timeframe relevant to Plaintiff's injury.
> Greg Willard may testify regarding the incident that forms the basis for Plaintiff's claims as well as track conditions in the Fort Scott Subdivision in the timeframe relevant to Plaintiff's injury.

---

[1]Plaintiff also alleged that Defendant violated the Locomotive Inspection Act (LIA).  The Court granted summary judgment for Defendant on Plaintiff's LIA claim, and Plaintiff did not appeal that ruling.

[ECF No. 146-3 at 1].

On July 16, 2013, Defendant filed its Second Motion to Bar the Expert Testimony of Alan Blackwell [ECF No. 122]. Additionally, Defendant filed a Motion for Summary Judgment [ECF No. 120]. In opposing these Motions, Plaintiff relies in part on the Declaration of Greg Willard [ECF Nos. 137-4 and 138-3] and the Declaration of Kenny Scammell [ECF No. 138-8]. These declarations generally contain statements concerning the conditions of the track between mile posts151.4 and 151.8. Defendant now moves the Court to strike the declarations of Willard and Scammell.

## II.      DISCUSSION

Defendant makes several arguments as to why the Court should strike the declarations of Willard and Scammell. After addressing a procedural matter, the Court turns to the merits of each of Defendant's various objections.

### A.      *The Instant Ruling Applies Only to the Motions Pending Before the Court*

As an initial point, the Court must address a procedural issue. Defendant moves the Court to "strike" the declarations of Willard and Scammell, but "[t]his Court has generally restricted the use of motions to strike to material contained in pleadings." *Shea v. Peoples Nat'l Bank*, No. 4:11CV1415 CAS, 2013 WL 74374, at * 1 (E.D. Mo. Jan. 7, 2013); Fed. R. Civ. P. 12(f) (permitting the Court to strike certain materials "from a pleading"). Pursuant to Federal Rule of Civil Procedure 7(a), a declaration is not a pleading, and a motion to strike is therefore not applicable to the declarations of Willard and Scammell.

Examining the substance of Defendant's Motion, however, the Court finds that, in essence, Defendant asks the Court to disregard the declarations for purposes of ruling on Defendant's pending Motion for Summary Judgment and Second Motion to Bar the Expert Testimony of Alan Blackwell.

For example, Defendant states that "the Declarations of Scammell and Willard are inadmissible and thus cannot be considered by the Court in ruling on the pending motions." [ECF No. 146 at 2]. Moreover, when ruling on a motion for summary judgment, "a Court should ignore inadmissible evidence instead of striking it from the record." *Berry v. Frank's Auto Body Carstar, Inc.*, 817 F. Supp. 2d 1037, 1041-42 (S.D. Ohio 2011); *Khamis v. Bd. of Regents, Se. Mo. State Univ.*, No. 1:09CV145 RWS, 2010 WL 1936228, at *1 (E.D. Mo. May 13, 2010) (finding that affidavit attached to memorandum in opposition was not properly attacked by motion to strike; however, portions of affidavit without personal knowledge would not be considered by court). Accordingly, the Court will not strike the declarations of Willard and Scammell. Rather, the Court will examine the parties' arguments to determine whether it should consider the declarations in ruling on the pending motions.

**B.    *The Declarations of Scammell and Willard Are Relevant to Whether Defendant Complied with FRSA Regulations***

Defendant argues that the declarations of Scammell and Willard lack relevance, because they do not establish that Defendant violated any FRSA regulation. Plaintiff responds that the declarations are relevant to establish that Defendant violated 49 C.F.R. § 213.1(a), which contemplates liability for negligence where "a combination of track conditions, none of which individually amounts to a deviation from the requirements of [other FRSA regulations]," necessitates remedial action to provide for safe operations over a track.[2]

The Court finds that the declarations of Willard and Scammell are relevant to whether Defendant complied with various FRSA regulations. For example, Willard states that the ballast

---

[2]Additionally, Plaintiff asserts that compliance with FRSA regulations does not preclude the possibility of negligence, and, thus, relevant evidence need not pertain to FRSA regulations. For reasons explained in its Memorandum and Order regarding Defendant's Motion for Summary Judgment, the Court finds that compliance with FRSA regulations precludes the possibility of negligence in this case.

contained mud on January 14, 2008, constituting a potential violation of 49 C.F.R. § 213.103(c), which requires track-supporting ballast to "[p]rovide adequate drainage for the track[.]" Additionally, Scammell states that Defendant failed to repair the track after it had undergone a washout; this amounts to a potential violation of 49 C.F.R. § 213.5, which requires a track owner with notice of a regulatory violation to bring its track into compliance, halt operations, or put its track under appropriate supervision. By implication, the declarations of Willard and Scammell are also relevant to whether Defendant complied with 49 C.F.R. § 213.1(a), which, in a sense, broadens the scope of track owner liability. Accordingly, the Court concludes that the declarations of Willard and Scammell are relevant to whether Defendant complied with FRSA regulations.

### C.    *Plaintiff Timely Disclosed the Declarations of Willard and Scammell*

Defendant contends that Plaintiff failed to timely disclose the declarations of Willard and Scammell. Defendant asserts that the declarations severely prejudice Defendant, because it lacked an opportunity to cross-examine the witnesses about their statements.

The Court cannot agree with Defendant that Plaintiff failed to make timely disclosures. In January 2009, Plaintiff included both Willard and Scammell as "individuals likely to have discoverable information" in his Rule 26(a)(1) disclosures. [ECF No. 146-1 at 1]. In April 2013, pursuant to the Second Amended Case Management Order, Plaintiff included both Scammell and Willard in his "Supplemental Fact Witness Disclosures." [ECF No. 146-3 at 1]. Defendant admits to both of these disclosures. To the extent Defendant argues Plaintiff should have produced the declarations or deposed Willard and Scammell,[3] Defendant has failed to cite any authority suggesting

---

[3]In its Memorandum of Law in Support of Defendant's Motion to Strike the Declarations of Kenny Scammell and Greg Willard, Defendant states, "Plaintiff never produced the current declarations of Willard and Scammell while discovery was open. Nor did he attempt to depose Willard or Scammell." [ECF No. 146 at 4].

Plaintiff had such an obligation.  Moreover, the Court agrees with Plaintiff that producing the

declarations would have been "impractical because the topics and facts relevant to the declaration

would not be apparent until the summary judgment motion is filed, typically after discovery." [ECF

No. 150 at 7].  Thus, the Court finds that Plaintiff properly and timely disclosed his witnesses and

their declarations.

> ### D.     *The Court Does Not Rely on the Purported Expert Opinions in Ruling on the Pending Motions*

Defendant argues that the declarations of Scammell and Willard contain expert opinions,

which were not properly or timely disclosed.[4]  Specifically, Defendant asserts that the following

statement from Scammell constitutes expert testimony:

> 6.      Given the condition of the track and my knowledge of previous slow orders that were imposed on stretches of track with similar conditions, a 25 mile per hour slow order should have been kept on the track where Kevin was injured until it was properly repaired.

[ECF No. 138-8 at ¶ 6].  Additionally, Defendant maintains the following statements from Willard

constitute expert testimony:

> 2. . . . The fact that Kevin was injured is not surprising, considering how severely our locomotive bottomed out when we hit the rough track.
> 4.      The incident we experienced on January 14, 2008 was the result of a washout in this area of track.
> 5.      Prior to January 14, 2008, BNSF had not properly maintained the section of track between mileposts 151.4 to 151.8, based on my knowledge of maintenance practices on areas of track with similar conditions.  This section of track is near a river and was constantly wet and muddy.  For a number of months prior to this incident, I observed that the track was deteriorating and needed ballast, ties, alinement, and surfacing, and was not draining properly.  For at least a week prior to January 14, 2008, there had been a washout and mud in the area between mileposts

---

[4]Defendant also maintains that neither Scammell nor Willard are qualified to give the expert opinions they allegedly offer in their declarations.  Because the Court does not rely on these statements in ruling on the pending motions, the Court declines to reach that issue at this time.

151.4 to 151.8 as a result of heavy rains. This made the ongoing track problems worse. When we encountered the track on January 14, 2008, there was mud in the ballast and around the track.

   6.  For about six months prior to January 14, 2008, BNSF had reduced the track speed from 40 miles per hour to 25 miles per hour, and raised it back to 40 again after putting down ballast but before repairing the track by replacing ties that had visibly deteriorated. In my experience with slow orders on areas of track with similar conditions, the track speed between mileposts 151.4 to 151.8 should have been kept at 25 miles per hour due to the conditions of the track in that area described above.

[ECF No. 146 at ¶¶ 2, 4-6]. Plaintiff responds that the challenged statements qualify as lay opinions, because they are rationally based on the witnesses' personal observations of the track.

In ruling on the pending motions, the Court does not rely on the challenged statements. Therefore, the Court need not determine whether the challenged statements constitute expert opinions at this time. The Court notes, however, that in *Burlington Northern Railroad Company v. Nebraska*,[5] the Eighth Circuit affirmed the district court's decision to allow four railroad executives to testify that, "in their experience, trains with cabooses were no safer than cabooseless trains." 802 F.2d 994, 1004 (8th Cir. 1986). Failure to qualify the executives as experts was not fatal to the admissibility of the testimony, because "[p]ersonal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience, is a sufficient foundation for lay opinion testimony." *Id.* at 1004-05. Thus, at this time, the Court declines to find that the declarations at issue contain improper expert opinions.

---

  [5]Although *Burlington Northern Railroad Company v. Nebraska* was decided before the 2000 Amendments to Federal Rule of Evidence 701, the Eighth Circuit has favorably cited it since then. *See, e.g.*, *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1014 (8th Cir. 2008) (affirming the admission of lay testimony that "it was industry practice for railroad leasing agents . . . to employ a first-come, first-served policy with respect to railroad billboard site applications, that [the defendant's] internal review process was outside the industry norm and contrary to their expectations as representatives of their respective railroad employers, and that it was not fair for [the defendant] to surreptitiously review applications and appropriate sites.").

### E. Defendant's "Substantially Similar Conditions" Argument Lacks Merit

Defendant maintains that, while Scammell and Willard both assert that they have encountered "track with similar conditions," neither has provided any evidence that the prior conditions were "substantially similar" to the track conditions that allegedly caused Plaintiff's injuries. Citing various cases, Defendant claims that evidence of prior conditions is only admissible upon a showing that such conditions were substantially similar to the conditions at issue.

Defendant conflates evidence of "prior conditions" with evidence of "prior accidents." While Defendant seeks to "strike" evidence of prior conditions, all of Defendant's cited cases pertain to evidence of prior accidents. Under these cases, "the proponent of the evidence must show that the facts and circumstances of the other incident are substantially similar to the case at bar." *First Sec. Bank v. Union Pac. R.R. Co.*, 152 F.3d 877, 880 (8th Cir. 1998) (quoting *Drabik v. Stanley-Bostitch, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993)). Willard and Scammell, however, do not discuss other "incidents" or "accidents." Rather, their statements concern whether Defendant customarily maintained its track to meet its standard of care. Defendant's "substantial similarity" argument therefore lacks merit.

### F. The Court Does Not Rely on Willard's Purported Irrelevant Statement in Ruling on the Pending Motions

Defendant argues that the declaration of Willard contains an irrelevant statement that Defendant's employees "attempted to force" Plaintiff into signing medical releases the day following the alleged incident. Defendant contends that this allegation lacks relevance and prejudices Defendant. Plaintiff responds that Willard's statement is relevant to show Defendant's "awareness" that it caused Plaintiff's injury. Because the Court does not rely on this statement in ruling on the pending motions, the Court declines to rule on the admissibility of the challenged statement at this time. That said, at this point, the Court cannot see the relevance of Defendant's post-accident

8

"awareness," when the elements of an FELA claim are: "(1) negligence, i.e., the standard of care, and (2) causation, i.e., the relation of the negligence to the injury." *Norfolk S. Ry. Co. v. Sorrell*, 549 U.S. 158, 169 (2007) (quoting *Page v. St. Louis Sw. Ry. Co.*, 349 F.2d 820, 823 (5th Cir. 1965)).

### G.      *The Declarations Substantially Comply with 28 U.S.C. § 1746*

Finally, Defendant objects that the declaration of Scammell is undated.  Defendant acknowledges that the declaration is dated "August 2013," but maintains that the Court should disregard it because it lacks a specific day.  Defendant contends that this omission violates 28 U.S.C. § 1746, which provides the proper format for unsworn declarations under penalty of perjury.

The Court declines to disregard Scammell's substantive evidence based on this minor technicality.  Moreover, "courts have held that the absence of a date on such documents does not render them invalid if extrinsic evidence could demonstrate the period when the document was signed." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002).  The "August 2013" notation on the declaration clearly demonstrates the "period" of execution, and Scammell's declaration substantially complies with 28 U.S.C. § 1746. *See, e.g.*, *Sheridan v. Rios*, No. 09-844 JMR/FLN, 2010 WL 3862837, at *6 (D. Minn. Aug. 18, 2010) (declarations substantially complied with 28 U.S.C. § 1746 even though they did not contain the explicit statutory language).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant BNSF Railway Company's Motion to Strike the Declarations of Kenny Scammell and Greg Willard [ECF No. 145] is **DENIED**.

Dated this  30th  day of September, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE