UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. COWDEN,<br>       Plaintiff,<br>vs.<br>BNSF RAILWAY COMPANY,<br>       Defendant. | No. 4:08-cv-1534 |

## PLAINTIFFF'S RESPONSES TO DEFENDANT'S MOTIONS IN LIMINE

  COMES NOW Plaintiff, Kevin D. Cowden, by and through his counsel, hereby submits his Responses to Defendant's Motion in Limine.

| Defendant's MIL No. | Objection |
|---|---|
| 1 | No objection. |
| 2 | Objection - the motion is overbroad to the extent it seeks to exclude "any evidence regarding BNSF's negligence" because such evidence may also be relevant to the regulatory violation claims. Moreover, the FRSA does not preclude FELA negligence claims. Plaintiff respectfully submits that the Court's reasoning overlooks controlling Supreme Court precedent. See Pltf Trial Brief (Doc. 167 at 4). FRSA regulations prescribe only the "minimum" track safety requirements, expressly contemplate circumstances in which remedial action will be required even though the railroad is in compliance with the requirements for all individual track conditions in isolation, and expressly contemplate that railroads may "adopt[] and enforc[e] additional or more stringent requirements not inconsistent" with the regulations. 49 C.F.R. §213.1(a). Indeed, this Court recognized, in this case, that §213.1(a) "broadens the scope of track owner liability." Doc. 153 at 5.<br>To the extent that Plaintiff's negligence claim is barred, Defendant should also be barred from introducing any evidence that would constitute a defense to such claim, such as denying foreseeability and notice of the alleged regulatory violations. |
| 3 | Objection - the motion is overly broad and vague as to what Defendant considers to be "subsequent remedial measures." Moreover, the exclusionary rule is very limited in its application and numerous exceptions to the rule exist. It is premature to rule in limine. |

1

In addressing BNSF's motion to exclude portions of Blackwell's expert report, the Court addressed the subsequent remedial measure doctrine as to track improvements observed two years post-injury and the issuance of a low order on the date of injury, soon after the incident. Doc. 153 at 13-16. The Court did not rely on such evidence in denying BNSF's MSJ, Doc. 153 at 15, n.10, and the evidentiary issue has not been fully briefed apart from Blackwell's consideration of this limited evidence. At trial, the Court should consider, in the evidentiary context, the admissibility of such evidence, for purposes apart from showing negligence. The general exclusionary rule set forth in Fed.R.Evid. 407 is not absolute, but is subject to exceptions. The Court acknowledged that "the Eighth Circuit historically exempted strict products liability cases from FRE 407," although it has not expressly determined whether exemption applies in a case such as this. Doc. 152 at 13.

The Court's initial ruling, that a claim based on an FRSA violation constitutes "negligence per se" for Rule 407 purposes rather than a "strict liability", overlooks controlling Supreme Court precedent. See *Carter v. Atl. & St. Andrews Bay R. Co.*, 338 U.S. 430, 435 (1949) ("Sometimes that [Safety Appliance Act] violation is described as 'negligence per se,' … but we have made clear in the *O'Donnell* case that that term is a confusing label for what is simply a violation of an absolute duty."). Violation of an absolute duty results in strict liability. See *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 602 (6th Cir. 2001) ("Under the seaworthiness doctrine, there is an absolute duty to maintain a seaworthy ship, the breach of which imposes liability without fault, i.e., strict liability."); *Weigel v. Maryland*, No. 12-2723, 2013 U.S. Dist. LEXIS 87074, at *10 n.9 (D.Md. June 19, 2013) ("'strict liability' is 'based on the breach of an absolute duty to make something safe.'") (quoting Black's Law Dictionary 998 (9th ed. 2009)).  Moreover, liability for a violation "cannot be escaped by proof of care or diligence." *O'Donnell v. Elgin, J. & E. R. Co.*, 338 U.S. 384, 390 (1949). See also *id*. at  at 393–94 (evidence that equipment was "diligently inspected and showed no visible defects", which would be relevant to the issue of negligence, "is not enough to explain away its liability if it has violated the Act."); *Brady v. Terminal R. Assoc.*, 303 U.S. 10, 15 (1938) ("duty imposed is an absolute one and the carrier is not excused by any showing of care however assiduous."). Since "proof of care" is immaterial to such a violation, it follows that the plaintiff's evidence is not being admitted for the purpose of proving a *lack* of care, i.e., negligence. Indeed, "the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence." *Crane v. Cedar Rapids & I. C. Ry. Co.*, 395 U.S. 164, 166 (1969). Thus, evidence of subsequent remedial measures is simply outside the scope of the specific uses prohibited by Rule 407. Cf. Fed.R.Evid. 407 ("evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction.").

Moreover, characterization of Cowden's regulatory violation claim as strict liability or negligence per se should not be dispositive. To the extent any weight

2

| | |
|---|---|
| | is given, Cowden's claim is more similar to that of strict liability. See *Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 682 (7th Cir. 2006) (employer may be held liable under FELA even if the injury is not the type against which the statute was meant to protect) (citing *Kernan v. American Dredging Co.*, 355 U.S. 426, 432 (1958)).<br><br>Given the Court's ruling, limiting the trial to claims of regulatory violations- not the negligent failure to exercise reasonable care, evidence that Defendant reduced the speed of the track to allow continued train operation before repairing the track defects should be allowed into evidence.<br><br>Moreover, the doctrine, even if applicable to regulatory violation claim, does not bar evidence of track speed reduction and repair after the date of Cowden's injury because such was mandated by the FRSA regulations, as well as BNSF's own inspection and maintenance policies. Where federal law mandates corrective action, the Eighth Circuit has recognized an exception to the subsequent remedial measure doctrine because "the policy of encouraging remediation would not necessarily be furthered by the exclusion of such evidence." *See, e.g., O'Dell v. Hercules Inc.*, 904 F.2d 1194, 1204 (8th Cir. 1990) (internal citation omitted). Here, the evidence is undisputed that the FRA regulations and BNSF's internal inspection and maintenance policies were already in place. 49 C.F.R. 213.5(a) mandates that, when faced with non-complying track, as identified the day of the incident, Defendant was required to do one of three things: cease train operations, reduce train speed or repair the track. This is nothing short of a federal mandate. Electing to continue its profitable freight train transport without repairing the track, Defendant was required to reduce the train speed, even if Cowden had not been injured. The public policy rationale for excluding evidence of BNSF's remedial action simply does not apply in this case. Moreover, the Court has allowed that Cowden may set forth other legitimate basis for admission of this evidence, such as impeachment, and as evidence of the actual track conditions on the date of Cowden's injury. Accordingly, the evidence is admissible or, at a minimum, it is premature to exclude. |
| 4 | Objection - the motion is overly broad and premature, given that Plaintiff should be afforded the opportunity to lay a proper foundation before seeking admission of other similar incidents or conditions. |
| 5 | Objection - Although Plaintiff does not intend to suggest that FELA claim is his "sole and exclusive or only possible remedy", advising the jury that "this is not a workers' compensation case and that law does not apply here; this case is governed by the Federal Employers' Liability Act" does not suggest an exclusive remedy, the type of which was excluded in *Stillman*. If the jury is not informed that this is not a workers' compensation, it could wrongly assume that Plaintiff is eligible for, or worse, has already received, such benefits as a result of suffering an on-the-job injury. At a minimum, the jury should be informed during *voir dire* and via instruction that the Federal Employers' Liability Act (FELA) provides the sole remedy for bodily injury claims of railroad workers against their employers, and he cannot recover under state worker's compensation laws. Other courts have |

3

|    | |
|----|---|
|    | recognized the propriety of the cautionary warning requested by Plaintiff. See, e.g., *Johnson v. Union Pac. R.R. Co.*, No. 05-373, 2007 WL 2914886, at *3 (D.Neb. Oct. 4, 2007). |
| 6  | No objection. |
| 7  | No objection. |
| 8  | No objection. |
| 9  | No objection. |
| 10 | No objection. |
| 11 | No objection. |
| 12 | Objection - evidence of plaintiff's unpaid/outstanding medical bills incurred for treatment of injuries caused in whole or in part by Defendant's violation of FELA is proper evidence of Plaintiff's damages under FELA. |
| 13 | Objection - overly broad. For example, Plaintiff and his wife have first-hand knowledge of Plaintiff's damages, including pain, suffering and disability and should be permitted to testify as to these facts. Likewise, other Railroad employees should be permitted to testify as to their personal experience of railroad working conditions, safety rules and responsibility, and the like. |
| 14 | Objection - overly broad and unduly vague. |
| 15 | No objection. |
| 16 | Objection - unduly vague. |
| 17 | Objection - plaintiff's marital status and his children are relevant to the issue of damages, plaintiff's pain, suffering and disability. They should be permitted to testify as to the effect of same. |
| 18 | Objection - Although there is no claim for loss of consortium, evidence of services rendered by Plaintiff's family member to care for him while recovery from surgery is relevant to the issue of damages sustained by him for pain, suffering and disability. |
| 19 | Objection - Although Plaintiff does not intend to offer evidence of his reputation for safety to show he acted in conformance on the date of the subject incident, such safety reputation is relevant to show Plaintiff's stable railroad working career before the date of injury and that his expectation of completing his career for additional decades is reasonable. |
| 20 | Objection - such is proper argument, particularly in closing argument, that "plaintiff gave a number of years of service to Defendant working in furtherance of its railroad business, and was considered a valuable employee with a promising career, which has been lost as a result of his on duty injuries due to unsafe working conditions", or the like. |
| 21 | Objection - evidence of alternative methods of work/procedures is relevant to show compliance with the applicable track safety regulations and the availability of measures by which Defendant could have provided reasonably safe working conditions. Evidence of the feasibility of providing safer or better work methods and conditions is probative of whether Defendant's conduct in providing inferior work methods or conditions was reasonable, and thus evidence of safer or better work methods or conditions is admissible to prove that Defendant breached its duty to provide a reasonably safe working environment. Under the liberal relevancy standard of Rule 401, evidence is admissible if it has "*any tendency* to |

|    | |
|----|---|
|    | make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." Fed.R.Evid. 401 (emphasis added). Whether a railroad met its duty to provide work conditions that are "reasonably" safe is "affected to some extent by the alternatives." *Rodriguez v. Delray Connecting R.R.*, 473 F.2d 819, 821 (6th Cir. 1973). Proof that a safer alternative existed makes it "more probable" that a Defendant failed to exercise reasonable care to maintain safe working conditions or to provide safe tools and equipment. *See, e.g.*, *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006). Thus, courts routinely admit evidence of safer tools and other safer alternative work methods in FELA cases. *See, e.g,. Rodriguez*, 473 F.2d at 821 (evidence of hydraulic spike remover admissible to show that the old maul method was unreasonable); *Heater v. Chesapeake & O. Ry. Co.*, 497 F.2d 1243 (7th Cir. 1974) (mechanical crane could have been used to avoid manual lifting); *Eaton v. Long Island R.R. Co.*, 398 F.2d 738 (2d Cir. 1968) (plaintiff claimed that an inexpensive ladder was safer than wooden blocks as a means of egress from a work pit); *Daniel v. Pittsburgh & L. E. R. Co.*, 389 F.2d 922 (3d Cir. 1968) (crane would have been safer than manual lifting of a 475 pound rail anchor machine); *Cook v. CSX Transp., Inc.*, No. 06-1193, 2008 WL 2275544, at *2-3 (M.D.Fla. June 2, 2008) (denying motion in limine to exclude evidence of safer alternative); *Delvecchio v. Metro-North R. Co.*, No. 03-803, 2004 WL 2851951, at *1-2 (D.Conn. Dec. 9, 2004) (same). Likewise, evidence of safer and better track maintenance is admissible here. Thus, Defendant's motion *in limine* should be denied. |
| 22 | Objection - this is duplicative of #19. |
| 23 | No objection. |
| 24 | No objection. |
| 25 | Objection - statements of health care providers to Plaintiff are not hearsay and are relevant to show Plaintiff's state of mind, such as emotional distress, worry, concern, and anxiety, from hearing diagnosis, prognosis, diagnostic testing warnings, surgery risks, and the like. |
| 26 | No objection. |
| 27 | Objection - premature. |
| 28 | No objection. |
| 29 | Objection - the adequacy of Defendant's post-incident inspection and federally mandated investigation into the cause and circumstances attendant to the subject injury is relevant. This evidence is not subject to statutory evidentiary privilege. See *Villa v. BNSF*, 397 F.3d 1041, 1047 (8th Cir. 2005) (privilege does not apply to internal investigation process or internal reporting forms of defendant railroad). |
| 30 | Objection - inflation is a proper and necessary factor to be considered for calculation of present value discounting of future economic damages, as explained by Plaintiff's economic expert, Prof. Rebecca Summary, chairperson of the Department of Economics, Southeast Missouri University, and as required by the applicable jury instructions. |
| 31 | No objection. |
| 32 | Objection - gross wage loss is relevant and admissible as a basis for determining earning capacity and diminished earning capacity. It is from these gross numbers |

5

| |
|---|
| that federal and state income taxes are deducted. Merely because the ultimate figures to be considered are "net of taxes" does not render inadmissible evidence of gross earnings.  See *Cash v. Union Pacific R.R. Co.*, No. 08-cv-60-BRW, 2010 WL 330354, at *2 (E.D.Ark.  Jan. 20, 2010) (denying similar motion); *Johnson v. Union Pac. R.R. Co.*, No. 05-373, 2007 WL 2914886, at *3 (D.Neb. Oct. 4, 2007). |

October 23, 2013

                                  SCHLICHTER, BOGARD & DENTON

                                  /s/ Nelson G. Wolff_____
                                  Roger C. Denton #30292
                                  Nelson G. Wolff #40796
                                  Elizabeth M. Wilkins #61284
                                  100 South Fourth Street, Suite 900
                                  St. Louis, Missouri 63102
                                  314-621-6115
                                  314-621-7151 (fax)
                                  rdenton@uselaws.com
                                  nwolff@uselaws.com
                                  bwilkins@uselaws.com

                                  Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

      On October 23, 2013, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which shall send notification of such filing to all counsel of record.

Thomas E. Jones
Harlan A. Harla
525 West Main Street
P.O. Box 750
Belleville, IL 62222-0750
tjones@thompsoncoburn.com
hharla@thompsoncoburn.com

                                  /s/ Nelson G. Wolff_____