UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN D. COWDEN,                              )
                                             )
            Plaintiff,                       )
                                             )
    vs.                                      )        Case No. 4:08CV01534 ERW
                                             )
BNSF RAILWAY COMPANY,                        )
                                             )
            Defendant.                       )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Kevin D. Cowden's Motion for Bill of Costs
[ECF No. 252].

## I.    BACKGROUND

This case arises out of injuries Plaintiff sustained while working as a conductor on a
locomotive for Defendant BNSF Railway Company. On November 8, 2013, a jury returned a verdict
in favor of Plaintiff in the amount of $1,671,253.90. The Court subsequently entered judgment on
the verdict. On December 3, 2013, Plaintiff filed a Motion for Bill of Costs [ECF No. 252], asking
the Court to tax Defendant $18,597.51. Defendant responded on December 11, 2013, objecting to
various amounts claimed by Plaintiff. [ECF No. 255]. Subsequently, Plaintiff filed his Reply
Memorandum in Support of Plaintiff's Motion to Assess Costs Against Defendant [ECF No. 260].
In this filing, Plaintiff waived $8,749.66 of the sum originally sought, rendering many of Defendant's
objections moot. Plaintiff now claims $9,847.35 in costs, representing fees of the Clerk, fees of the
Court Reporter, fees for witnesses, and fees for exemplification and copies of papers. For the sake
of clarity, the Court limits its discussion to amounts comprising the $9,847.35 currently sought by
Plaintiff; unless otherwise stated, the Court will not discuss waived amounts.

## II.    DISCUSSION

Rule 54(d) of the Federal Rules of Civil Procedure provides that "costs--other than attorney's fees--should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

In response to Plaintiff's Motion, Defendant has a number of Objections. Specifically, Defendant objects to taxation of certain fees of the Court Reporter for transcripts, witness fees, and fees for exemplification and the costs of making copies. For reasons discussed *infra*, the Court will tax Defendant $7,870.65 in costs.

### A.    *Fees of the Clerk*

Plaintiff incurred $350.00 in fees of the Clerk. Defendant does not object to taxation of this amount. The Court will therefore tax Defendant $350.00.

### B.    *Fees of the Court Reporter for Transcripts*[1]

Plaintiff seeks to recover $4,808.38[2] in costs for transcripts of various depositions.  In determining whether to award the costs of a deposition, "the underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken."  *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997) (internal quotations omitted).  While deposition costs are unrecoverable if taken solely for discovery or investigative purposes, *Ryther v. KARE 11*, 864 F. Supp. 1525, 1354 (D. Minn. 1994), "if the depositions were actually introduced in evidence or used at trial for impeachment purposes, then it is proper to conclude they were necessarily obtained for use in the case."  *Frazier v. IBP, Inc.*, No. C97-0023, 1999 WL 33655745, at *10 (E.D. Mo. Feb. 2, 1999).  For reasons discuss *infra*, the Court will award $3,145.93 in costs in this category.

### 1.    Deposition of Plaintiff Totaling $306.00

Plaintiff seeks to recover $306.00, representing $303.00 for the cost of Plaintiff's deposition and $3.00 for corresponding exhibits.  Defendant argues, because the deposition was taken for discovery purposes, it was "merely useful" and not necessary for use in the case.  Plaintiff responds he anticipated Defendant would use his deposition for impeachment at trial, and it was therefore reasonably necessary for him to possess a copy.

The Court will tax this cost to Defendant.  Defendant relies on *Hansen v. Bradley*, 114 F. Supp. 382 (D.C. Md. 1953), but this case is unpersuasive.  In *Hansen*, a District of Maryland case from 1953, the plaintiff prevailed at trial and sought recovery of the cost for her own deposition.  *Id.*

---

[1] With regarding to deposition transcripts, Plaintiff has waived costs of shipping, accelerated transcripts, e-transcripts, exhibits archives, condensed disks, duplicate copies of transcripts, digital transcripts, and condensed transcripts. [ECF No. 260].  The Court will not include costs for these items in its discussion.

[2] Due to clerical errors discussed *infra*, this amount is slightly higher than the sum listed by Plaintiff.

at 385. The court denied this request, because the plaintiff testified before the jury, and her deposition was neither admissible nor offered at trial. *Id.* Likewise, the remaining cases cited by Defendant merely stand for the proposition that parties may not recover costs for depositions used solely for exploratory purposes. *See, e.g.*, *Echostar Satellite Corp. v. Advanced Commc'ns Corp.*, 902 F. Supp. 213, 217 (D. Colo. 1995); *Crandall v. City and Cnty. of Denver*, 594 F. Supp. 2d 1245, 1248 (D. Colo. 2009).

Here, however, Plaintiff's deposition was not merely investigative. Instead, Plaintiff correctly predicted Defendant would use his deposition for impeachment purposes. Thus, it reasonably necessary for Plaintiff to possess a copy of the deposition. The cost of Plaintiff's deposition, $303.00, will be taxed to Defendant.

Furthermore, the Court will tax Defendant an additional $3.00, representing the cost of copies of exhibits. As Plaintiff notes, Defendant has failed to cite any case supporting its blanket proposition that copies of deposition exhibits constitute unrecoverable costs. Rather, Defendant cites cases merely establishing parties may not recover costs of exhibits made for the convenience of counsel. *See, e.g.*, *Am. Guar. & Liab. Ins. Co. v. U.S. Fid. & Guar. Co.*, No. 4:06CV655 RWS, 2010 WL 1935998 (E.D. Mo. May 10, 2010), *Clark v. Baka*, No. 4:07CV477 DPM, 2011 WL 2881710 (E.D. Ark. July 19, 2011). Moreover, Plaintiff correctly states authenticated deposition exhibits are necessary for use in summary judgment pleadings, which require support with admissible evidence, *see* Fed. R. Civ. P. 56(c), and costs incurred for use in summary judgment proceedings are considered "necessarily obtained" within the meaning of 28 U.S.C. § 1920. *See Dunn v. Nexgrill Indus., Inc.*, No. 4:07CV01875 JCH, 2011 WL 1060943, at *2 (E.D. Mo. Mar. 21, 2011) (finding deposition costs necessary where parties cited depositions in briefing motion for summary judgment); *Cengr v. Fusibond Piping Systs., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998) (holding

deposition costs "reasonably necessary" where obtained to support summary judgment motion). Therefore, the Court concludes costs for copies of deposition exhibits are recoverable to the same extent as their corresponding depositions.[3]

Accordingly, the Court will tax Defendant $306.00 for costs associated with Plaintiff's deposition.

### 2. Deposition of Terry Cordray Totaling $97.50

Plaintiff seeks to recover $97.50, representing $78.75 for the deposition of Terry Cordray and $18.75 for corresponding exhibits. Defendant contends, because Plaintiff did not call Cordray as a witness at trial, these costs are not taxable under 28 U.S.C. § 1920. Plaintiff counters, because Defendant took Cordray's deposition, Plaintiff reasonably needed to obtain a copy.

The Court finds Plaintiff reasonably needed a copy of Cordray's deposition. After Defendant took Cordray's deposition, Plaintiff needed to learn its contents. *See United Steel, Paper & Forestry, Rubber, Mgf., Engery, Allied Indust. & Serv. Workers Int'l Union v. Trimas Corp.*, No. 1:06CV32 TS, 2007 WL 1295820, at *2 (N.D. Ind. Apr. 30, 2007) ("After the Defendant determined that it was necessary to depose the Plaintiff's expert, the Plaintiff was justified in obtaining a transcript of that deposition."). Thus, the Court will tax $97.50 to Defendant for costs related to Cordray's deposition.

### 3. Depositions and Supplemental Depositions of Rebecca Summary and Alan Blackwell Totaling $660.08

Plaintiff to seeks to recover $660.08, representing (1) $98.00 for the deposition transcript of Rebecca Summary, (2) $61.50 for Summary's supplemental deposition transcript, including $5.50 for copies of exhibits, (3) $182.30 for the deposition transcript of Alan Blackwell, including $18.50

---

[3]For this reason, throughout the remainder of this Memorandum and Order, the Court will not separately discuss the costs of exhibits and their corresponding depositions, unless Defendant raises a different basis for objecting.

for copies of exhibits, (4) $166.25 for Blackwell's supplemental deposition transcript, and (5) $152.03 for Blackwell's second supplemental deposition. Defendant objects to taxing the costs of these transcripts on the bases they were not used at trial, and Plaintiff has failed to satisfy his burden of proving they were necessarily obtained for use in the case.

The Court will tax $660.08 to Defendant. The relevant inquiry is not whether the parties used the depositions at trial, but, rather, "whether the depositions reasonably seemed necessary at the time they were taken." *Zotos*, 121 F.3d at 363; *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) ("Even if a deposition is not introduced at trial, a district court has discretion to award costs if the deposition was necessarily obtained for use in a case and was not purely investigative."). Because Defendant took the depositions of these experts, Plaintiff reasonably needed to obtain copies. *Trimas Corp.*, 2007 WL 1295820, at *2. Moreover, these witnesses testified at trial, and Plaintiff could have reasonably anticipated Defendant would use their depositions for impeachment purposes. Thus, the Court will tax Defendant $660.08 for these costs.

### 4. Deposition of Joseph Thornburg Totaling $1,243.15

Plaintiff's Motion states he incurred $1,420.65 in expenses related to the deposition of Joseph Thornburg, Defendant's corporate representative. [ECF No. 251-1 at 1]. Upon receiving Defendant's Objections, Plaintiff lowered the amount sought to $1,145.65, waiving "the costs of DVD copies ($150), courier ($20), Etranscript ($97.50), and transcript/archive ($7.50)." [ECF No. 260 at 8 n. 5]. However, the invoices from Thornburg's depositions indicate Plaintiff did not incur costs for E-transcripts. Rather, Plaintiff appears to have transposed the $0.00 value for E-transcripts with the $97.50 cost associated with the attendance of a court reporter. [ECF No. 251-3 at 6]. Accounting for this clerical error, the Court will include the $97.50 in the amount sought by Plaintiff.

Thus, the Court will view Plaintiff's Motion as seeking $1,243.15, representing (1) $605.00 in video deposition costs and (2) $638.15 in stenographic deposition costs.

Defendant objects, arguing recent case law in this Court establishes Plaintiff cannot recover both stenographic transcript costs and video deposition costs. Defendant contends the Court should not tax the costs of Thornburg's video deposition, because Plaintiff has failed to demonstrate a legitimate need for such deposition.

The parties have cited various cases addressing whether § 1920 allows taxation of both stenographic and videographic deposition costs; courts are clearly split on this issue, and the Eighth Circuit has yet to provide a resolution. The Court must therefore address this matter of statutory construction, the first step of which "is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997). Under 28 U.S.C. § 1920(2), the prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." In *Lift Truck Lease & Service, Inc. v. Nissan Forklift Corporation, North America*, the Honorable Charles A. Shaw noted, "In several decisions, this Court has held the plain language of the statute is clear, and use of the disjunctive 'or' indicates a party cannot recover the cost of both a stenographic and video of the same deposition." 4:12CV153 CAS, 2013 WL 6331578, at *2 (E.D. Mo. Dec. 5, 2013) (finding "§ 1920(2) precludes the recovery of the cost of both a stenographic transcript and video of the same deposition"); *see also MEMC Elec. Materials, Inc. v. Sunlight Grp., Inc.*, No. 4:08CV535 FRB, 2012 WL 918743, at *2 (E.D. Mo. Mar. 19, 2012) ("[I]t would be contrary to § 1920's plain language to allow MEMC to recover costs for both stenographic and video costs for [certain] depositions."); *U.S. Fid. & Guar. Co.*, 2010 WL 1935998, at *2 ("The ordinary usage of the word 'or' is disjunctive, indicating an alternative. . . . [I]t would be contrary to the plain language

7

of § 1920 to allow Defendants to recover costs for both stenographic transcripts and video costs for the same depositions.").

Plaintiff attempts to re-characterize *Lift Truck* as allowing taxation of both types of costs in special circumstances. [ECF No. 260]. This is simply untrue. Granted, the Court in *Lift Truck* did state video depositions are necessarily obtained where "special circumstances [make] it necessary for the jury to actually see and hear . . . deposition testimony on video[.]" 2013 WL 6331578, at *2. However, the Court made that statement only in addressing "which costs to reject"; at that point, the Court had already found "§ 1920(2) precludes the recovery of the cost of both a stenographic transcript and video of the same deposition." *Id.*

That said, contrary case law exists. The Court has examined such cases and found them less persuasive than the cogent reasoning of those cited *supra*. For example, Plaintiff cites several out-of-circuit cases allowing for taxation of both stenographic and videographic costs. *See BDT Prods., Inc. v. Lexmark Intern., Inc.*, 405 F.3d 415, 420 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997 (2012); *Tilton v. Capital Cities/ABC*, 115 F.3d 1471, 1478 (10th Cir. 1997) ("[T]he district court did not abuse its discretion in taxing the costs of both the preparation and transcription of the seven videotaped depositions."); *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("[W]hen a party notices a deposition to be recorded by . . . both stenographic and nonstenographic means, and no objection is raised at that time by the other party . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed."). All these cases, however, issued before 2008, when § 1920(2) stated the courts could tax "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]" This language, which lacks any mention of electronically recorded transcripts, stands in stark contrast to the statute's current reading, which allows taxation of "[f]ees

8

for *printed or electronically* recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2) (emphasis added).

Additionally, the Court is unpersuaded by Plaintiff's citation to *Clark v. Baka*, No.4:07CV477 DPM, 2011 WL 2881710 (E.D. Ark. July 19, 2011). Admittedly, in *Baka*, the district court taxed both stenographic and videographic deposition costs to the nonprevailing party under the current version of § 1920(2). *Id.* at *3. However, the court simply acknowledged the lack of consensus on this issue and awarded both costs for those video depositions used at trial. *Id.* In other words, the court did not engage in the observative analysis demonstrated in *Lift Truck*, *Sunlight Group*, and *U.S. Fidelity & Guaranty Company*. Likewise, these cases are more persuasive than contrary case law previously issued by this Court. *See Rohrbough v. Hall*, No. 4:07CV00996 ERW, 2010 WL 4940954 (E.D. Mo. Nov. 30, 2010); *Farnsworth v. Covidien, Inc.*, No. 4:08CV01689 ERW, 2010 WL 2160900 (E.D. Mo. May 28, 2010).[4]

Therefore, the Court finds § 1920(2) precludes recovery of both stenographic and videographic deposition costs. This holding, however, does not end the inquiry; the Court must now determine which costs to reject. The Court agrees with Plaintiff that Thornburg's video deposition was necessary for the jury to evaluate his credibility, "[d]ue to the critical nature of his testimony [as

---

[4]Correspondingly, the Court declines to adopt the position articulated in *Nat'l Benefit Programs, Inc. v. Express Scripts, Inc.*, No. 4:10CV00907 AGF, 2012 WL 2326071 (E.D. Mo. June 19, 2012). In *Express Scripts*, the Court first stated, "District courts addressing the issue have generally held that the statute permits recovery of costs for either stenographic transcription or video-recording of depositions, but not both." *Id.* at * 3. However, the Court subsequently stated, "Courts do allow recovery of costs for both stenographic transcription and video recording of depositions but only where the prevailing party offers a persuasive reason for obtaining the video deposition." *Id.* In making this latter statement, however, the Court cited cases that fail even to mention the statutory construction of § 1920(2). *See EEOC v. CRST Van Expedited, Inc.*, No. 07CV95 LRR, 2010 WL 520564, at *19 (N.D. Iowa Feb. 9, 2010), *vacated on other grounds by EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657 (8th Cir. 2013); *Lewis v. Heartland Inns of Am.*, 764 F. Supp. 2d 1037, 1048 (S.D. Iowa 2011); *Baka*, 2011 WL 2881710, at **3-4.

9

a corporate representative], his inherent adversity as a BNSF employee, and his unavailability at trial[5][.]" [ECF No. 260 at 10].  Additionally, the video deposition was played at trial.  While the Court doubts any one of these factors standing alone would suffice, together they constitute "special circumstances in this case that made it necessary for the jury to actually see and hear [Thornburg's] testimony on video, as opposed to hearing that testimony read aloud."  *Lift Truck Lease & Serv., Inc.*, 2013 WL 6331578, at *2.  Therefore, the Court will tax Defendant $605.00 in costs associated with Thornburg's video deposition, and deny taxation of costs associated with his stenographic deposition.

### 5.    Deposition of Randy McElroy Totaling $970.80

Plaintiff's Motion states he incurred $1,026.80 in expenses related to the videographic and stenographic depositions of Randy McElroy, Defendant's employee. [ECF No. 251-1 at 2].  Upon receiving Defendant's Objections, Plaintiff lowered the amount sought to $905.80, waiving "costs of courier ($30), video archival ($15), Etranscript ($65), and transcript/archive ($11)."  [ECF No. 260 at 10 n. 6].  However, as with Thornburg's deposition costs, the invoices for McElroy's deposition costs indicate Plaintiff did not incur costs for E-transcripts.  Rather, Plaintiff incurred $65.00 for the attendance of a court reporter. [ECF No. 251-3 at 11].  Accounting for this clerical error, the Court will include $65.00 in the amount sought by Plaintiff.  Thus, the Court will view Plaintiff's Motion as seeking $970.80, representing (1) $577.50 for videographic deposition costs, and (2) $393.30 for stenographic deposition costs.  Defendant objects, arguing Plaintiff may not recover both videographic and stenographic costs.

---

[5]Because he lived in the Springfield, Missouri area, Thornburg was beyond the Court's subpoena power.  Additionally, at the time of trial, he was deceased.

As previously explained, § 1920(2) precludes recovery of both videographic and stenographic deposition costs, and the Court must therefore determine which costs to reject. The reasons given for McElroy's video deposition are substantially the same as those for Thornburg's video deposition. That is, McElroy was a critical, adverse witness in this case, he was beyond the Court's subpoena power and therefore a potentially unavailable witness, and his video deposition was played at trial. Therefore, the Court will tax Defendant $577.50 in costs associated with Thornburg's video deposition, and deny taxation of costs associated with his stenographic deposition.

### 6. Deposition of Dr. George Schoedinger Totaling $1,138.25

Plaintiff seeks to recover costs associated with the deposition of Dr. George Schoedinger. In total, Plaintiff seeks $1,138.25, representing (1) $546.25 for videographic deposition costs, and (2) $592.00 for stenographic deposition costs.

As an initial matter, Defendant does not specifically object to taxation of both videographic and stenographic costs. Rather, Defendant simply states, "Non-recoverable expenses: courier ($15.00); color copies of exhibits in addition to electronic copy ($1.00); black and white exhibits in addition to electronic copy ($38.50); transcript/exhibit archive ($11.00)."[6] [ECF No. 255 at 7]. Plaintiff contends, because Defendant failed to specifically object to taxation of both videographic and stenographic costs, the Court should tax both categories to Defendant. The Court cannot agree, because to do so would be to reach outside the confines of § 1920, which "imposes rigid controls on cost-shifting in federal courts[.]" *Brisco-Wade*, 297 F.3d at 782 (internal quotations omitted).

Therefore, the Court must determine which costs to reject. Plaintiff sets forth compelling reasons for taking video testimony of Schoedinger. First, Schoedinger was a critical witness, as he

---

[6]Plaintiff has waived courier costs, video archival costs, and transcript archive costs, and the Court has already determined copies of exhibits are taxable to the same extent as deposition transcripts; thus, Defendant's objection raises no new issue requiring resolution.

served both as a causation expert and as Plaintiff's treating physician. Second, Schoedinger referred to two demonstrative exhibits – a spine model and an illustration – during his deposition. Third, Plaintiff reasonably and accurately anticipated Defendant would play a video deposition of its own expert, Dr. Peter Mirkin; Plaintiff justifiably matched Defendant's expert to ensure the jury would not attribute disparate weight merely because of a difference in technology. Finally, the video deposition was played at trial. For these reasons, the Court concludes Plaintiff is entitled to $546.25 in costs for Schoedinger's videographic testimony.

### 7. Deposition of Dr. R. Peter Mirkin Totaling $392.60

Plaintiff seeks $392.60, representing $341.70 for Mirkin's deposition transcript, $11.90 for corresponding exhibits, and $39.00 for a copy of the video deposition noticed and obtained by Defendant. Defendant objects to the $39.00 for Plaintiff's copy of the video deposition.[7]

The Court will tax Defendant $353.60 for costs associated with Mirkin's deposition. The $39.00 for the video deposition transcript is an "electronically recorded transcript," and the Court may not award such costs in addition to the stenographic costs of the deposition. Therefore, the Court will reject the $39.00 cost associated with the video transcript copy.

### C. Witness Fees

Under 28 U.S.C. § 1920(3), Plaintiff may recover "[f]ees and disbursements for printing and witnesses." Plaintiff seeks a total of $2,540.97 in witness fees, and Defendant has raised a number

---

[7]Defendant sets forth two other objections. First, Defendant objects to the $11.90 for copies of exhibits. As previously discussed, such costs are taxable to the same extent as their corresponding depositions.

Second, Defendant states, "Plaintiff cannot recover for both a video and a stenographic transcript. The 'videography fees: $576.25' should be stricken." [ECF No. 255 at 7]. Plaintiff has not claimed such a cost. Accordingly, this request is denied as moot.

of objections.  The Court will award Plaintiff the entire amount claimed, for reasons discussed as follows.

### 1.        Witness Fees of Kenny Scammell Totaling $608.06

Plaintiff seeks $608.06 for the witness fees of Kenny Scammell, a train conductor and Plaintiff's coworker.  This sum includes travel mileage and two days of meals, parking, lodging, and fees for court attendance.  Defendant argues it should not have to pay Scammell's witness fees, because his testimony was duplicative of Plaintiff's.  Additionally, Defendant contends, to the extent it must pay these fees, the Court should reduce them by fifty percent, because Scammell only testified one day.

The Court finds Scammell's testimony was reasonably necessary to the case.  As Plaintiff states, Scammell aided in establishing Plaintiff's inability to return to work by testifying about a conductor's job duties.  He also helped demonstrate Plaintiff's lost wages by testifying about the earnings of a conductor.  The Court will not reduce Scammell's costs on the basis he testified only one day.  As explained in *Linneman Construction, Inc. v. Montana-Dakota Utilities Company, Inc.*, the Eighth Circuit has

> no disagreement with the general rule that witness and subsistence expenses are not limited to the day the witness testifies but includes those days in which the witness necessarily attends trial.  . . . This rule, however, however, does not operate as an open invitation to fill the courtroom with witnesses during the entire trial.  It has long been the practice in this circuit to allow expenses for only such number of witnesses as the court deems reasonable.  . . . They will also only be allowed expenses for the number of days the court deems reasonable.

504 F.2d 1365, 1372 (8th Cir. 1974) (internal citations omitted).  Here, Plaintiff did not "fill the courtroom" with excessive witnesses.  Scammell reasonably attended trial for two days, as he anticipated testifying on November 5, 2013, but, due to routine trial delays, ultimately testified on November 6, 2013.  Therefore, the Court will tax Defendant $608.06 for Scammell's witness fees.

### 2. Witness Fees of Greg Willard Totaling $516.25

Plaintiff seeks $516.25 for the witness fees of Greg Willard, a BNSF engineer who was on the locomotive with Plaintiff on the day of the accident. This sum includes travel mileage, two days of meals, and one day of parking, lodging, and court attendance. Defendant argues it should not have to pay Scammell's witness fees, because his testimony was duplicative of both Plaintiff's and Scammell's testimony. Additionally, Defendant contends, to the extent it must pay these fees, the Court should reduce Willard's meals by fifty percent, because he only testified one day.

The Court will tax Willard's costs to Defendant. Willard provided testimony unique from that of any other witness. Aside from Plaintiff, he constituted the sole individual who could provide first-hand knowledge of the accident at issue in this case. He also testified regarding his observations of Plaintiff after the accident. In other words, he served as the only witness who could testify about the accident without bearing the stigma of having a financial stake in the case. Moreover, the Court sees nothing excessive in allowing Willard two days of meals, when he lived over two hundred miles away from the courthouse. Plaintiff is entitled to $516.25 for Willard's costs.

### 3. Witness Fees of Expert Debbie Tolliver Totaling $281.82

Plaintiff seeks reimbursement for witness fees relating to expert witness Debbie Tolliver. In total, Plaintiff seeks $281.82, representing $241.82 for travel expenses and $40.00 for statutory witness fees under 28 U.S.C. § 1821(b). Defendant does not object.[8] Thus, the Court will tax Defendant $281.82 for Tolliver's witness fees.

---

[8]Defendant does object to the $950.00 Plaintiff incurred in expert witness fees associated with trial attendance. However, Plaintiff subsequently waived any claim to this amount.

#### 4. Witness Fees of Expert Alan Blackwell Totaling $967.15

Plaintiff seeks to recover witness fees associated with expert witness Alan Blackwell. Specifically, Plaintiff asks the Court to tax Defendant $967.15, representing (1) $80.00 for court attendance, (2) $616.80 in air travel, (3) $108.00 for lodging, (4) $41.97 for meals, (5) $80.00 in taxi travel, and (6) $40.38 in parking.

Some of these amounts are undisputed. Defendant makes no objection to taxation of costs for lodging, meals, and taxi travel. The Court agrees these constitute taxable costs, and will therefore order Defendant to pay $229.97 for these expenses. Likewise, Plaintiff is entitled to the $80.00 fee for court attendance, representing $40.00 for Blackwell's actual attendance at trial and $40.00 for one day "necessarily occupied in going to and returning from the place of attendance[.]" 28 U.S.C. § 1821(b).

The two remaining expenses – air travel and parking – will also be taxed to Defendant. Defendant objects to the $616.80 fee for air travel only to the extent the Court finds such sum unreasonable. The Court finds $616.80 constitutes a reasonable price for a round trip between Denver, Colorado and St. Louis, Missouri. Additionally, the Court will tax Defendant $40.38 for Blackwell's parking costs; while Plaintiff initially failed to substantiate this with a valid receipt, he has subsequently provided the requisite documentation. [ECF No. 260-4].

Accordingly, the Court will tax Defendant $967.15 for Blackwell's witness fees.

#### 5. Witness Fees of Expert Rebecca Summary Totaling $167.69

Plaintiff seeks to recover $167.69 for fees associated with expert witness Rebecca Summary. Specifically, Plaintiff asks the Court to tax Defendant $127.69 in travel mileage and $40.00 for court attendance. Defendant does not object. The Court will tax Defendant $167.69 for Summary's witness fees.

### D.      Fees for Exemplification and Copies of Papers

The Court may award copy and exemplification fees incurred for items "necessarily obtained" for use in the case. 28 U.S.C. § 1920(4). Plaintiff asks the Court to tax Defendant costs of copies of exhibits and costs of editing three video depositions for trial. For reasons discussed *infra*, the Court will award $1,833.75 for these costs.

### 1.      Copies of Exhibits Totaling $1,573.00

Plaintiff seeks $1,573.00 for copies of exhibits. To substantiate this claim, Plaintiff submitted an In-House Cost Report from counsel's law firm, stating the number of copies made (6,294 total) and the cost per page (twenty-five cents). [ECF No. 251-9]. Defendant objected, arguing Plaintiff failed to provide adequate documentation for this expense. Subsequently, Plaintiff submitted his Reply Memorandum, including a chart itemizing 5,575 copies, falling into nine categories: "Plaintiff's Exhibits Used at Trial," "Copies of Plaintiff's Exhibits Provided to the Court," "Copies of Defendant's Exhibits Provided on CD," "Case Law Provided to Court and Defendant," "Copies of Documents related to Motions in Limine," "Copies of Documents related to Discovery Answers to be Introduced into Evidence," "Copies of Documents related to Deposition Designations," "Copies of other Pretrial Documents Provided to Court or Defendant," and "Jury Instructions."

"In determining whether a photocopy expense is necessary so as to be taxable as a cost and whether to award that cost to the prevailing party, the district court enjoys discretion so long as it does not act arbitrarily." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002). However, several photocopying costs are not taxable under § 1920(4):

> [P]laintiffs may not recover the photocopy expenses that they incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or transmitting to their client; nor does the cost statute cover a party's copying of documents to be produced in discovery, or copying research materials for

the convenience of counsel. These are not taxable costs under the statute, because they are not necessarily obtained for use in the case.

*Emmenegger v. Bull Moose Tube Co.*, 33 F. Supp. 2d 1127, 1133 (E.D. Mo. 1998) (internal

quotations omitted).

The Court finds some of Plaintiff's itemized categories are not taxable. Specifically, the

Court will reject Plaintiff's claim for "Copies of Defendant's Exhibits Provided on CD," constituting

744 pages. Plaintiff has failed to demonstrate how he used these copies, or how they were otherwise

made for anything other than the convenience of counsel. Likewise, the Court will reject Plaintiff's

claim for "Copies of Documents related to Motions in Limine," constituting 404 pages, because

Plaintiff may not recover costs for copies of his own motions, and Plaintiff has failed to demonstrate

copies of Defendant's motions were necessarily obtained for use in the case, and not merely for

convenience of counsel.

Accounting for these unrecoverable copies, 4,427 pages of copies remain in dispute.[9] The

vast majority of these copies pertain to exhibits used at trial, case law provided to the Court, jury

instructions, and documents required for preparation of trial, such as deposition designations. The

Court finds such copies were necessarily obtained for use in the case, and will tax Defendant these

costs with one exception. That is, included in these costs are 42 pages of copies pertaining to

Plaintiff's Motion to Strike Defendant BNSF's Filing Titled "Joint Stipulation of Uncontested Facts

and Brief Summary of Case for Voir Dire" [ECF No. 172]. Plaintiff may not recover costs arising

---

[9]The Court obtained this number by subtracting 1,148 – the number of unrecoverable copies thus far – from the 5,575 copies itemized in Plaintiff's Reply Memorandum. The Court agrees with Defendant that Plaintiff's In-House Cost Report is insufficient to provide any "details or explanations regarding what documents [Plaintiff] copied or how [he] used the documents." *Dunn v. Nexgrill Indus., Inc.*, No. 4:07CV01875 JCH, 2011 WL 1060943, at *1 (E.D. Mo. Mar. 21, 2011). Thus, the Court will not award costs based on the 6,294 copies listed in the In-House Cost Report, but will instead examine only the 5,575 copies in Plaintiff's itemized chart.

out of his own motions. *Bull Moose Tube Co.*, 33 F. Supp. 2d at 1133. Thus, the Court will award costs for 4,385 copies, at a rate of twenty-five cents per page, totaling $1,096.25.

     **2.**  **Video Editing Totaling $737.50**

   Plaintiff seeks $737.50 for video editing of depositions used at trial. Defendant does not object. Thus, the Court will tax Defendant $737.50 for video editing costs.

   Accordingly,

   **IT IS HEREBY ORDERED** that Plaintiff Kevin D. Cowden's Motion for Bill of Costs [ECF No. 252] is **GRANTED, in part,** and **DENIED, in part.** Plaintiff shall recover a total of $7,870.65, representing (1) $350.00 in fees of the Clerk, (2) $3,145.93 in fees of the Court Reporter for transcripts used in the case, (3) $2,540.97 in fees for witnesses, and (4) $1,833.75 in fees for exemplification and copies of papers, including video editing of depositions played at trial. The Clerk of Court shall tax costs in favor of Plaintiff Kevin D. Cowden, and against Defendant BNSF Railway Company, in the amount of $7,870.65.

   Dated this  3rd  day of January, 2014.

                   *E. Richard Webber*

                  E. RICHARD WEBBER
                  SENIOR UNITED STATES DISTRICT JUDGE