UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. COWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01534 ERW |
| ) | |
| BNSF RAILWAY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant BNSF Railway Company's Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial [ECF No. 253].

**I.     BACKGROUND**

This case arises out of injuries Plaintiff Kevin D. Cowden sustained while working as a conductor on a locomotive for Defendant BNSF Railway Company.  On November 8, 2013, a jury returned a verdict in favor of Plaintiff in the amount of $1,671,253.90.  The Court subsequently entered judgment on the verdict.  Defendant now moves for judgment as a matter of law, or, in the alternative, a new trial.

**II.     STANDARDS**

*A.     Judgment as a Matter of Law Standard*

Under Federal Rule of Civil Procedure 50, if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for [a] party on [an] issue, the court may . . . grant a motion for judgment as a matter of law against the party." Fed. R. Civ. P. 50(a).  "Judgment as a matter of law is appropriate only when all of the evidence points one way and is susceptible of no reasonable inference sustaining the position of the nonmoving party." *Howard v. Mo. Bone &*

*Joint Ct., Inc.*, 615 F.3d 991, 995 (8th Cir. 2010).  The Court must "view the evidence in the light most favorable to the prevailing party and must not engage in a weighing or evaluation of the evidence or consider questions of credibility."  *Douglas County Bank & Trust Co. v. United Fin. Inc.*, 207 F.3d 473, 477 (8th Cir. 2000) (internal quotations omitted).

      B.     *New Trial Standard*

Following a jury trial resulting in an adverse judgment, a party may move for a new trial under Federal Rule of Civil Procedure 59(a)(1)(A).  Under this Rule, "[a] new trial is appropriate when the first trial, through a verdict against the weight of the evidence, an excessive damage award, or legal errors at trial, resulted in a miscarriage of justice."  *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996).  A miscarriage of justice does not result whenever there are inaccuracies or errors at trial; instead, the party seeking a new trial must demonstrate that there was prejudicial error.  *See Buchholz v. Rockwell Int'l Corp.*, 120 F.3d 146, 148 (8th Cir. 1997).  Errors in evidentiary rulings or in jury instructions are only prejudicial, and therefore only represent a miscarriage of justice that requires a new trial, where the error likely affected the jury's verdict.  *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 720 (8th Cir. 2008); *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 833 (8th Cir. 2005).

**III.**    **DISCUSSION**

In its Motion, Defendant first contends it is entitled to judgment as a matter of law.  Alternatively, Defendant asks for a new trial.  For reasons discussed *infra*, the Court will deny both requests.

      A.     *Motion for Judgment as a Matter of Law*

Defendant moves for judgment as a matter of law in its favor.  Defendant argues the record lacks any evidence it violated applicable Federal Railroad Safety Act (FRSA) regulations.

Additionally, Defendant maintains Plaintiff failed to offer any admissible evidence of causation.

The Court concludes the trial record contains evidence from which a reasonable jury could find for Plaintiff.  Contrary to Defendant's position, Randy McElroy's track inspection notes and testimony do not conclusively establish Defendant complied with applicable FRSA regulations. Rather, the track inspection notes indicate the track measurements were barely within the permissible range, and in his deposition, McElroy stated he could not recall whether he accounted for the weight of a train, as required by 49 C.F.R. § 213.13.  The track inspection notes also fail to include any comments or calculations indicating McElroy complied with § 213.13.  In sum, the evidence supports a reasonable inference Defendant failed to comply with applicable FRSA regulations.  In any event, in moving for judgment as a matter of law, Defendant has failed to address an entirely different basis of liability.  That is, the jury's special verdict found Defendant failed to comply with 49 C.F.R. § 213.1(a),[1] as set forth in Jury Instruction No. 7; Defendant's Motion fails to set forth reasons for granting judgment as a matter of law as to this independent basis of liability.

Likewise, the Court finds a reasonable jury could have found noncompliant track conditions caused Plaintiff's injuries.  In essence, Defendant reargues the position it set forth in its Motion in Limine to Bar the Causation Testimony of Dr. Schoedinger [ECF No. 188].  For the same reasons the Court rejected that Motion, the Court rejects Defendant's instant argument.  [*See* ECF No. 220 at 25-27].

Accordingly, the Court will deny Defendant's request for judgment as a matter of law.

---

[1]This regulation imposes liability on a railroad track owner when "a combination of track conditions . . . require remedial action to provide for safe operations over that track."  49 C.F.R. § 213.1(a).

### B.     *Motion for New Trial*

In asking this Court for a new trial, Defendant raises five points.  For reasons discussed *infra*, the Court will deny Defendant's Motion.

#### 1.     **Subsequent Remedial Measures**

Defendant contends it is entitled to a new trial, because Plaintiff violated this Court's Order barring evidence of subsequent remedial measures.  [*See* ECF No. 220 at 2-3].  Indeed, Plaintiff's first witness, Greg Willard, violated that Order when he testified as follows:

> Q      (By Mr. Wolff)      Now, what was your immediate concern at that point in time after your train had bottomed out?
> A      We – We – Well, we were seeing how each other was, and then we did report it as soon as we could to the train dispatcher which dropped the speed drastically and dropped it down to ten mile an hour for any other train that went over it.

[ECF No. 254-2 at 3-9].  Upon objection by counsel for Defendant, the Court held a side bar, in which Defendant moved for a mistrial.  The Court denied the mistrial, but instructed the jury to disregard Willard's last statement.[2]

The Court concludes Willard's violative statement is insufficient to warrant a new trial.  "In order for a violation of an order granting an in limine motion to serve as a basis for a new trial, the order must be specific in its prohibition and the violation must be clear."  *Pullman v. Land O'Lakes, Inc.*, 262 F.3d 759, 762 (8th Cir. 2001).  Additionally, the violation must be prejudicial, which requires it "in all probability produced some effect on the jury's verdict and is harmful to the substantial rights of the party assigning it."  *Id.*  Granted, Willard's statement was a "clear" violation

---

[2] In its Reply Brief, Defendant contends the Court's curative instruction was inadequate, because it did not specifically mention the ten-mile-per-hour slow order.  The Court stated, "The Jury is instructed to disregard the witness' [sic] last statement on what he reported on the radio or transmission device, whatever he used."  [ECF No. 254-2 at 36:12-14].  Based on this, the Court is confident the jury was adequately apprised to disregard the entirety of Willard's statement, including mention of the slow order.  In any event, Defendant did not object to the Court's instruction.

of the Court's "specific" Order. However, in light of its brevity and the Court's curative instruction, the Court cannot find this statement "in all probability" affected the jury's verdict and violated Defendant's "substantial rights." The ten-mile-per-hour slow order was never again mentioned, and certainly not "highlighted" or argued to the jury in any way. *Id.* at 763. Thus, the Court finds Willard's statement does not require a new trial in this case.

### 2. Jury Instruction No. 7

Jury Instruction No. 7 reads:

> This part prescribes minimum safety requirements for railroad track that is part of the general railroad system of transportation. The requirements prescribed in this part apply to specific track conditions existing in isolation. Therefore, a combination of track conditions, none of which individually amounts to a deviation from the requirements in this part, may require remedial action to provide for safe operations over that track. This part does not restrict a railroad from adopting and enforcing additional or more stringent requirements not inconsistent with this part.

[ECF No. 241 at 7]. This language recites 49 C.F.R. § 213.1(a) verbatim, and Defendant objects only to the last sentence of this Instruction, on grounds it erroneously allowed the jury to consider Defendant's liability under a general negligence standard.

The Court will not grant a new trial on this basis. The Court is not persuaded the last sentence of Instruction No. 7, which is identical to § 213.1(a), invited the jury to consider general negligence. Rather, as Plaintiff states, "The last sentence of Instruction 7 is merely a neutral statement that the railroad is not *prohibited* from taking additional action[.]" [ECF No. 257 at 15]. Nothing in Instruction No. 7 demanded the jury find Defendant liable for failure to take "additional or more stringent requirements." 49 C.F.R. § 213.1(a). Because of this, the Court cannot find an error "so egregious, considering the instructions as a whole, as to require the verdict to be set aside." *Landscape Props., Inc. v. Vogel*, 46 F.3d 1416, 1425 (8th Cir. 1995). In any event, the jury's special verdict separately found Defendant violated not only the regulatory requirement in Instruction No.

7, but also those in Instruction Nos. 6, 8, and 10.[3]  Thus, even assuming Instruction No. 7 contained error, such error is harmless.  The Court will not grant a new trial on this basis.

### 3. Evidence of the Lack of a Seat Belt

At trial, Plaintiff's counsel asked Willard whether the seats on the locomotive at issue have seatbelts, and Willard responded, "None whatsoever." [ECF No. 254-2 at 26:18-21].  Upon objection, the Court ruled such evidence irrelevant and therefore inadmissible.  Defendant contends this testimony invited the jury to find it liable on the improper basis it failed to provide seatbelts in the locomotive.

The Court cannot agree.  The issue of seatbelts was never raised again, much less argued to the jury.  The Instructions did not reference seatbelts, and the jury's special verdicts found Defendant liable specifically for noncompliance with applicable FRSA regulations.  The isolated reference to seatbelts fails to warrant a new trial.

### 4. Evidence in Support of Jury Instruction Nos. 6, 8 and 10

Defendant argues the trial record lacks evidence it failed to comply with the FRSA regulations recited in Instruction Nos. 6, 8 and 10.  In essence, Defendant reasserts its argument for judgment as a matter of law.  For the same reasons the Court denied judgment as a matter of law, *supra*, the Court denies a new trial on the instant basis.

### 5. Resignation Letter

After closing arguments, and while the jury conducted deliberations, Plaintiff delivered to Defendant a resignation letter dated November 8, 2013.  The letter reads as follows:

> I have been disabled from work as a result of my January 14, 2008 on-duty injuries. My doctor has told me my injuries are work-related and has placed permanent physical restrictions on me that prevent me from returning to work.  I hereby resign

---

[3] These Instructions tracked the language of 49 C.F.R. §§ 213.9, 213.63, and 213.13, respectively.

> my employment with BNSF Railway Company due to my permanent disability, effective today.

[ECF No. 254-3]. Defendant contends this letter constitutes "new evidence," warranting a new trial. Specifically, Defendant contends the letter discredits Plaintiff's testimony that he wished to return to work, and disrupts the lost wages calculations produced at trial.

Courts disfavor motions for new trial based on newly discovered evidence. *U.S. v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001). To obtain on a new trial on this basis, Defendant must establish:

> 1) the evidence in question was discovered after trial; 2) [Defendant] exercised due diligence to discover the evidence before the end of trial; 3) the evidence is material and not merely cumulative or impeaching; and 4) a new trial at which the evidence is introduced would probably result in a verdict for the movant.

*Stephens v. Rheem Mfg. Co.*, 220 F.3d 882, 886 (8th Cir. 2000).

The Court will deny a new trial on this basis, because the letter is neither material nor likely to produce a verdict for Defendant. At most, the letter would have impeached Plaintiff's testimony, but even that proposition is questionable. That is, Plaintiff testified he sought employment at the Bass Pro Shop, because his injuries prevented him from performing his duties as a conductor; the resignation letter is consistent with this position. The Court finds the resignation letter merely cumulative, not material. Additionally, the Court is not convinced introduction of the letter likely would have resulted in a decreased award of damages. In fact, the letter likely would have *increased* damages, because it described Plaintiff as permanently disabled, with no prospect of returning to work for Defendant. Therefore, the Court concludes Defendant's final basis for a new trial is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant BNSF's Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial [ECF No 253] is **DENIED**.

Dated this  7th  day of January, 2014.

                                                                                    _____
                                                                                    E. RICHARD WEBBER
                                                                                    SENIOR UNITED STATES DISTRICT JUDGE